[No. 750.　August 16, 1898.]

## GEORGE K. NEHER, Plaintiff in Error, v. AMBROSIO ARMIJO et al., Defendants in Error.

### SYLLABUS BY THE COURT.

EJECTMENT—TENANTS IN COMMON—PLEADING—AMENDMENT—COMMUNITY PROPERTY—PRESUMPTIONS—ADVERSE POSSESSION—ERROR—AMENDMENT OF WRIT.—1.　Tenants in common may join in ejectment and recover their interest demanded so held by them in common.

(a) Under section 1911, Comp. Laws 1884, an order allowing plaintiff to amend by striking out parties plaintiff before trial and without objection is not erroneous, no injury appearing to have resulted to any of the parties.

2.　The legal presumption that property acquired by either husband or wife during the matrimony is community property, may be overcome by clear and conclusive proof to the contrary.

(a) The act on the part of all the tenants in common in executing a deed with full warranty of covenants purporting to convey the the entire estate is ouster of the other cotenants.

3.　Where one holds under color of title for statutory period the fact that the grantors in the deed under which he entered derived their title from a common ancestor with the plaintiffs will not stop him from setting up defense of adverse possession as against all demandants not under disability.

(a) The statute of limitations creating title by adverse possession will not run against one in whose favor a right of action accrued while under a disability and who commenced his action within the statutory period after the removal of the disability.

4.　Under the code, it is within the power of this court to permit an amendment of the writ of error by striking out the parties defendant in error.

*Error*, from a judgment for plaintiffs, to the Second Judicial District Court, Bernalillo County.　Affirmed.

The facts are stated in the opinion of the court.

A. B. McMILLEN and CHILDERS & DOBSON for plaintiff in error.

Suits for the recovery of real estate in this territory must be brought within ten years from the time the cause of action accrues, except in case of certain disabilities mentioned in the statute. Comp. Laws, 1884, sec. 1881; Probst v. Board of Missions, 129 U. S. 182; Maxwell Land Grant Co. v. Dawson, 151 Id. 586, and the statute of limitation may be relied on by a defendant in ejectment under a plea of the general issue. Stoder v. Green, 94 Mo. 280; Hogan v. Kurtz, 94 U. S. 773, 775.

A person who obtains a conveyance of land holds adversely to the vendor and may controvert his title. He may disclaim the title under which he entered, and set up any other title or any other defense alike against his vendor and others. Croxall v. Sherred, 5 Wall. 268; Watkins v. Holman, 16 Pet. (U. S.) 25; Robertson v. Pickrell, 109 U. S. 608, 614; Blight v. Rochester, 7 Wheat. 535; Society, etc. v. Paulett, 4 Pet. (U. S.) 506.

The plaintiffs must recover, if at all, upon the strength of their own title. 6 Am. and Eng. Ency. of Law, 226; McNitt v. Turner, 16 Wall. 352-362; Watts v. Lindsey, 7 Wheat. 158; Marsh v. Brooks, 8 How. 223; Fussell v. Craig, 113 U. S. 550; Fussell v. Hughes, Id. 565; Fenn v. Holmes, 21 How. 481; 1 Chit. Pl. 189; Tyler on Eject. 72; Sedg. & Wait, Tr. Tit. Land, sec. 722.

Mere prior possession will not warrant recovery in ejectment against a defendant who claims adversely under color of title. Burt v. Panjaud, 99 U. S. 180; Sabariego v. Maberick, 124 Id. 261; Haws v. Mining Co., 160 Id. 303; Fowler v. Whitman, 2 Id. 270; Drew v. Swift, 46 N. Y. 204; Sedg. & Wait., Tr. Tit. Land, sec. 722.

At common law tenants in common could not join, but must sever in separate devises in an action of ejectment. 1 Chit. Pl. 62; Doe v. Herrington, 3 Nev. & Man. 616.

If plaintiff's ancestor acquired title by deed from the New Mexico Town Co., then the property in dispute was community property, and his widow became the owner of the undivided half thereof upon the death of her husband. Comp. Laws, 1884, secs. 1410, 1411; Ball. on Com. Prop., secs, 161, 162. See, also, Ball. on Com. Prop., sec. 240; Estate of Silvey, 42 Cal. 210; Beard v. Knox, 5 Id. 252; In re Gilmore, 81 Id. 242; Harrison v. Bowman, 29 Id. 347; In re Frey, 52 Id. 660; King v. Legrange, 61 Id. 221; 2 Jar. on Wills, 4, note; McGinnis v. McGinnis, 1 Ga. 496; Havens v. Sackett, 15 N. Y. 365; Leonard v. Steele, 4 Barb. 20.

An equitable title will not warrant a recovery in ejectment. Prentice v. Railway Co., 154 U. S. 163; Johnson v. Christian, 128 Id. 374; Langdon v. Sherwood, 124 Id. 74; Redfield v. Parks, 131 Id. 239; Morehouse v. Phelps, 21 How. 481; Hooper v. Shiner, 23 Id. 335; Sheirburn v. De Cordova, 24 Id. 423; Smith v. McCann, Id. 398; Oaksmith v. Johnston, 92 U. S. 343; Swayze v. Burk, 12 Pet. 11.

NEILL B. FIELD for defendants in error.

It was sufficient to show the deed to Ambrosio Armijo, and his possession under it is abundantly sustained. Sedg. & Wait., Tr. Tit., sec, 291; Isler v. Hailey, 24 S. C. 382; Orton v. Noonan, 19 Wis. 350, 355; Wissehunt v. Jones, 78 N. C. 361; Bank v. Harrison, 39 Mo. 433; Roosevelt v. Hungate, 110 Ill. 595; Miller v. Hardin, 64 Mo. 545; Jackson v. Streeter, 5 Cow. 529; Dowell v. De Lauza, 20 How. 32; Locke v. Whitney, 63 N. H. 597; Jackson v. Brown, 10 Johns, 292; Jackson v. Walker, 7 Cow. 637; Greisle v. McKinnan, 44 Ark. 517; Long v. Wilkinson, 57 Ala. 259; Keith v. Keith, 104 Ill. 397; Hasselman v. Mortgage Co., 97 Ind. 365; Woburn v. Henshaw, 101 Mass. 193; Wilcoxon v. Osborn, 77 Mo. 621; Huntington v. Prichard, 11 S. & M. (Miss.) 327; Kinsman v. Loomis, 11 Ohio, 475; Curlee v. Smith, 91 N. C. 172; Riddle v. Murphy, 7 S. & R. (Pa.) 235; Wilkins v. May, 3 Head. (Tenn.) 173; Bolling v. Teal, 76 Va. 487; McCusker v. McEvery, 9 R. I. 528.

"The possession of lands under an executory contract of purchase is not adverse to the vendor so long as the purchase money is not paid, or, until, by the terms of the agreement, the vendee is entitled to demand conveyance of the legal estate." Heermaas v. Schmaltz, 7 Fed. Rep. 566; Graydon v. Hurd, 55 Fed. Rep. 724; Kerns v. Dean, 77 Cal. 555; Catlin v. Decker, 38 Conn. 262; Eichelberger v. Gitt, 104 Pa. St. 64; Turner v. Thomas, 13 Bush. (Ky.) 518.

Title by election is equally available at law and in equity. Thellurson v. Woodford, 13 Vis. Jr. 220; Watson v. Watson, 128 Mass. 154; Smith v. Smith, 14 Gray, 555; Hapgood v. Houghton, 22 Pick. 480; Wilson v. Townsend, 2 Ves. Jr. 696; Devonshire v. Cavendish, 3 Doug. 47; Stoddard v. Cutcowpt, 41 Ia. 331, Cox v. Rogers, 27 Pa. St. 167; Weeks v. Patton, 18 Me. 42; Smith v. Guild, 34 Id. 443; Morrison v. Bowman, 29 Cal. 331.

Plaintiff in error is not a stranger to the Armijo title. Big. on Estoppel, 280, 281; Kinsman v. Loomis, 11 Ohio, 475; Greenl. Ev., sec. 523; Stacey v. Thrasher, 6 How. (U. S.) 158.

CRUMPACKER, J.—The facts as to which there is no dispute are, that prior to the fourteenth day of June, 1880, Ambrosio Armijo, was put in possession of the locus in quo, under a contract to purchase same from the New Mexico Town Company, by Harry R. Whiting, as agent of that company and on that day a deed was duly executed by that company to him, which deed was acknowledged and recorded in the manner provided by law. In the spring of 1882, Ambrosio Armijo leased the premises to John Boyle and Mary Boyle his wife, and placed them in possession of the same, and thereafter, on the tenth day of April, 1882, died, leaving a last will and testament which was duly admitted to probate by the probate court of Bernalillo, the county of Ambrosio Armijo's residence. On the first day of May, 1882, Perfecto Armijo, the eldest son of Ambrosio Armijo and Candelaria G. de Armijo, his widow, were duly appointed to execute the will

and qualified as such.    The will left certain specified property
to the widow, Candelaria G. de Armijo, contained one or
two trifling bequests to servants, and devised the great bulk
of the estate, including the locus in quo, to the ten children
of the testator, share and share alike.    The will declares that
there were no gains of the marriage community composed of
the testator and Candelaria Armijo, in the following lan-
guage:    "I declare and believe that I have no property ac-
quired during marriage; I have only kept my capital intact
since I married the second time, but according to Pedro
Murilla Velarde and the laws of the country, I leave, direct
and order my executors that there shall be delivered to my
wife the two paragraphs above, entirely using about one-fifth
of my property, which is what the laws of the country author-
ize."    The inventory of the estate was taken on August 14,
1882, and concluded August 17, 1882, and is signed by the
executors and by the appraisers appointed by the probate
court, in which the locus in quo is appraised as "one lot and
house occupied by John Boyle, $1,500." On August 26, 1882,
in pursuance of an order of the probate court the executors
made a distribution of the estate and executed and recorded
*hijuelas* to the ten children of Ambrosio Armijo, in which to
each is set apart one-tenth interest in the locus in quo, in the
following language:    "One-tenth on one lot and house occu-
pied by John Boyle, $150."    Each of these instruments is
signed by Perfecto Armijo and Candelaria G. de Armijo,
administrators, and is approved by Tomas C. Gutierrez, judge
of the probate court, May 11, 1883, and is recorded in the
office of the probate clerk, May 17, 1883.    John Boyle con-
tinued in possession of the locus in quo, paying rent therefor
to the executors until the execution of a deed to A. M. Cod-
dington, on the twenty-eighth day of December, 1883.    This
rent was divided by the executors, one-tenth to each of the
children. Teresa Armijo de Symington, wife of John Syming-
ton, was one of the children of Ambrosio Armijo, and on the
twenty-seventh day of December, 1883, said Teresa and her
said husband, made a power of attorney to Elias H. Armijo

to "sell our right, title and interest individually as guardians of the estate of Dolores Armijo, a minor, in lot No. 17 in block No. 5 as shown on the map of the New Mexico Town Company addition to the town of Albuquerque, situate on the street known as Railroad avenue, and to execute, acknowledge and deliver to the purchaser thereof a warranty deed with full covenants therefor." This power of attorney was duly recorded in Bernalillo county on the twenty-eighth day of December, 1883, Perfecto Armijo and wife, Jesus Armijo and wife, Mariano Armijo and wife, Elias H. Armijo and John Symington and wife, by Elias H. Armijo, as their attorney in fact, conveyed to A. M. Coddington, by warranty deed, with full covenants for title the whole of lot 17 in block 15, which deed was duly recorded in Bernalillo county, and on January 2, 1884, A. M. Coddington and wife conveyed the same property to Conrad Schenfield. Schenfield entered into possession of the entire property and remained in possession thereof, by himself or his tenants until his death, which occurred on the twenty-fifth day of June, 1888. By his last will and testament he devised lot 17 in block 15 to James A. Williamson and the said last will and testament was admitted to probate by the probate court of Bernalillo on the fifth day of July, 1888. Williamson afterwards received deeds from all the heirs at law of Conrad Schenfield and it is admitted that whatever title Schenfield acquired under his deed from Coddington and wife passed to Williamson. The record shows affirmatively that Williamson entered into possession of the premises under the will of Shenfield, deeds from Shenfield's heirs, and claimed by no other title. On December 16, 1890, Williamson conveyed to plaintiff in error, Neher, who continued in possession at the time of the institution of this suit. On August 28, 1896, Ambrosio Armijo, Dolores Armijo de Borradaile and John Borradaile, her husband, and Anita Armijo, an infant, by her mother and guardian, begun this suit in ejectment in the district court of Bernalillo county against George K. Neher for the recovery of the locus in quo. The defendant appeared and answered, interposing the general

issue and also a special plea that the alleged cause of action did not accrue within ten years prior to said suit.    Thereupon the plaintiffs joined issue as to the first plea and demurred to the second.    Afterwards plaintiffs moved the court to allow them to amend by striking out the names of Dolores de Armijo de Borradaile, and John Borradaile, and that they be allowed to prosecute the suit in the name of the remaining plaintiffs. The motion was allowed, the defendant not objecting thereto. Thereupon the plaintiffs withdrew their demurrer to defendant's second plea and the plaintiffs, Ambrosio Armijo and Anita Armijo, filed their replication, taking issue on the first plea and answering defendant's second plea by alleging infancy at the time the cause of action accrued, and that the action was begun during the infancy of Anita and within three years after Ambrosio Armijo became twenty-one years of age. To the second replication of plaintiffs to the second plea of defendant the defendant interposed his rejoinder, alleging that said alleged cause of action did not first accrue to plaintiffs but to their ancestor, Ambrosio Armijo.    Plaintiffs interposed a demurrer to this rejoinder, which was overruled by the court and thereupon plaintiffs filed their sub-rejoinder, and therein denied that said cause of action first accrued to Ambrosio Armijo, the father of the plaintiffs, but on the contrary alleged that Ambrosio Armijo died seized and possessed of an estate in fee simple in said premises.    Issue was thereupon joined and thus the pleadings stood at the time of trial, April 3, 1897.    After a verdict and judgment in favor of Ambrosio Armijo and Anita Armijo for an undivided two-tenths of the locus in quo and damages, defendant brought the cause into this court by writ of error, and makes the following assignments of error:

1.   The court erred in refusing to grant defendant's motion for a verdict at the close of plaintiff's evidence in chief.

2.   The court erred in refusing defendant's motion for verdict at the close of the case.

3.   The court erred in overruling defendant's motion for new trial in this case.

4.   The court erred in overruling defendant's motion in arrest of judgment.

5.   The court erred in ruling that the will of Ambrosio Armijo deceased required an election of the widow.

6.   The court erred in ruling that said widow did elect to take under said will.

7.   The court erred in ruling that said will and the election of said widow  divested her of the legal title to the premises in question and vested the same in the heirs of Ambrosio Armijo, deceased.

We will discuss the questions raised by the foregoing assignments of error in their logical order.

First.   Defendant insists that these plaintiffs as tenants in common could not be joined as parties plaintiff, and their having so joined is fatal to their case.   We do not interpret the law to be as defendant contends, but believe the better rule to be that tenants in common may join in ejectment and recover the whole property demanded so held by them in common, or they may sue separately and recover each one only his whole interest.   Mattis v. Boggs, 18 Neb. 698; Kirk v. Bowling, 20 Neb. 260; Dawson v. Mills, 32 Pa. St. 302; Jackson v. Bradt, 2 Cal. (N. Y.) 169; Thayer et al. v. Hollis, 3 Met. (Mass. 369).   But defendant further insists that there was no power in the court to allow the amendment striking out parties plaintiff.   This action was instituted as we have seen on the twenty-eighth day of August, 1896, with Dolores Armijo de Borradaile and her husband joined with these parties plaintiff; the defendant pleaded the general issue on October 27, 1896, and by leave of court on February 26, 1897, plaintiffs amended their declaration by striking out said Dolores Armijo de Borradaile and her husband, as co-plaintiffs, it having been discovered that their claim was barred by the act of limitations.   Our statute then in force reads:   "Each party by leave of the court shall have leave to amend upon such terms as the court may think proper at any time before verdict,

*EJECTMENT: tenants in common.*

*PLEADING: amendment.*

judgment or decree." As controlled by the principles under-
lying its operation, this section we think governed the right
to amend at the time this action was instituted, and if the de-
fendant was not prejudiced thereby and if it were necessary
to determine the real question in controversy we must con-
clude that the amendment was properly allowed. The conten-
tion that the section last above quoted, refers only to amend-
ment of pleadings is not supported by authorities. In the
case of Bealle v. Territory, 1 N. M. 514, it is said: "Fur-
thermore, as the statutes of this territory provide that each
party by leave of the court shall have leave to amend, upon
such terms as the court may think proper, at any time before
judgment, verdict or decree, and as it does not appear from the
record in this cause that the leave granted by the court below
to amend the petition injured the lawful rights of the remain-
ing defendants, this court will not review the alleged errors,
etc." See, also, Chapman v. Barney, 129 U. S. 681; Watts
v. Weston, 62 Fed. Rep. 136. And the court having the
power in its discretion to permit the amendment the exercise
of that discretion is not subject to review here. But granting
the most that is contended for by defendant, that this amend-
ment created a new cause of action, the action still accrued and
was commenced within the time limited by statute after the
removal of the disability of infancy of Ambrosio Armijo and
within the infancy of his co-plaintiff; and even were this
contention well taken, we should be inclined to hold that the
defendant having gone to trial on the amended declaration
without objection thereto, waived all error in permitting the
amendment.

Secondly. It is insisted by learned counsel for the
defendant below, that "if plaintiffs' ancestor, Ambrosio Armijo,
acquired title by deed from the New Mexico
Town Company, then the property in dispute

COMMUNITY
property: pre-
sumptions.

was community property, and the widow be-
came the owner of the undivided half thereof,
upon the death of her husband." Presump-
tively this proposition is true; conclusively it is not. The

authorities uniformly lay down the rule that in the absence of proof to the contrary the law presumes a community. It is important to know whether or not the will, taken together with the other evidence, is sufficient to establish the legal title to the extent of an undivided one-tenth interest in the locus in quo in each of the plaintiffs. Says Swayer, Justice, in Ramsdell v. Fuller, 28 Cal. 43, "This is only a presumption of law, arising from the fact that a purchase has been made during coverture, and the real character of the transaction may be shown." And in Ballinger on Community Property, section 167, it is said: "Certainly it is not required that the proof to destroy this presumption should be any more than sufficient to satisfy the mind of court or jury that its weight is enough to cause a reasonable person under all the circumstances to believe in its sufficiency, in order to counterbalance the presumption that the property was acquired by the funds of the community. The property is merely considered the property of the community until the contrary is shown by legal proof and the legal proof would seem to be a preponderance of the testimony under all the facts and circumstances of the particular case." Mitchel v. Mitchel, 80 Tex. 101; 15 S. W. Rep. 708, is to the same effect.

From the record it appears that the testator by his will declared that he had acquired no property during his second marriage which were gains of the community; that the locus in quo was devised to the ten children, share and share alike, to the exclusion of the widow, and that certain other property was devised to the widow, to the exclusion of the children; that the widow and one of the children were appointed exectors, that they duly qualified and executed the will and that the widow acquiesced in the distribution of the property as made by the will, and since in this case she is presumed to have known both the law and the facts such acquiescence was with full knowledge of her legal rights. Therefore we must hold that these facts constitute clear and conclusive proof that the locus in quo was not community property; and having reached this conclusion the contention of the defendant that the widow

became vested with the legal title to a one-half interest in the property falls, and the question of the election of the widow under the will became irrelevant in this cause.

Thirdly.   Could defendant dispute plaintiffs' title, and if so, have plaintiffs shown such title as will support a recovery?  By our statute "it is sufficient to entitle the plaintiff to recover, to show that defendant was in possession, and that the plaintiff had a right to the possession, thereof."   Comp. Laws, 1897, sec. 3168.   The defendant contends that it was incumbent upon the plaintiffs in order to support a recovery in this cause to establish a perfect title in Ambrosio Armijo, the ancestor of plaintiffs, and that failing in this they have not shown a right to possession as against defendant.   It is certainly true that the uniform rule as laid down by the authorities is that the plaintiff must recover on the strength of his own title rather than on the weakness of his adversary's, and a complete analysis of the character of the possession of the contending parties is necessary to determine the controlling question in this cause. The plaintiff  contends, and the learned court below held, that as plaintiffs derived their title under the will of Ambrosio Armijo and defendant held under chain of title from the deed of the five adult heirs of Ambrosio Armijo, whose title sprang from the same source, the plaintiffs were not bound to trace their title beyond what is alleged to be the common source and that no other or different title being offered or relied upon by Neher, the defendant is estopped from repudiating the title of his grantors.   But in opposition, the defendant argues that the act of these plaintiffs in connecting the defendant's record title with the deed from the adult heirs of Ambrosio Armijo, the ancestor, can not operate as an estoppel against him to prevent his contesting the title of Ambrosio Armijo, the ancestor; that defendant and his privies having held by adverse possession under color of title, for more than ten years have paramount title, and that therefore the question of the disability of plaintiffs to maintain this action or the effect of the saving clause in section 1881, Compiled Laws of 1884,

ADVERSE possession.

has no place in the discussion of this case, since the right of
the latter depends upon the title in their ancestor.    If it be
true, as contended by defendant, that there ever had been any
possession of this lot which was adverse to Ambrosio Armijo,
the ancestor, during his lifetime, such possession would have
been sufficient to set the statute in motion, and the statute
having begun during the life of Ambrosio Armijo would con-
tinue to run against these plaintiffs after his death.    The facts
in the record, however, do not sustain this position.    Boyle
and wife, as tenants of Ambrosio Armijo, and of his children
after his death attorned to him during his lifetime and to his
executors up to the time of the execution of the deed by the
heirs to Coddington, and under the theory of the case that
Boyle and wife were in possession under an executory con-
tract, to purchase, the rule of law applicable to the case would
be the same.    "The possession of lands under an executory
contract of purchase is not adverse to the vendor, so long as
the purchase money is not paid, or until, by the terms of the
agreement, the vendee is entitled to demand conveyance of the
legal estate."    Heermass, v. Schmaltz, 7 Fed. Rep. 566;
Graydon v. Hurd, 55 Fed. Rep. 724; Kerns v. Kean, 77 Cal.
555; Catlin v. Decker, 38 Conn. 262; Eichelberger .v. Gitt,
104 Pa. St. 64; Turner v. Thomas, 13 Bush (Ky.), 518.

Therefore, we can not agree with the learned counsel for
defendant that the cause of action in this case first accrued to
Ambrosio Armijo, the father of the plaintiffs, during his life-
time.    And, since we have decided that the widow never ac-
quired any right of possession to the locus in quo, certainly it
can not be pretended that from the date of the deed from the
New Mexico Town Company to Ambrosio Armijo up to the
date of the deed to Coddington the right to the possession was
not in Ambrosio Armijo during his lifetime and thereafter in
these plaintiffs to the extent of their interest.    Therefore, hav-
ing established the right of possession to the locus in quo to
have been in Ambrosio Armijo during his lifetime and in these
two plaintiffs until the making of the deed with full warranty
of covenants to Coddington, the question arises whether or

not the defendant upon the record in this case has shown a
better right or title as against plaintiffs. What title has the
defendant shown? The plaintiff introduced in evidence a
record title tracing the conveyance of the locus in quo from
Ambrosio Armijo, ancestor, down to the defendant George
Neher. But defendant insists that he does not claim through
or under any of said deeds. He disclaims the title under
which he entered and sets up a defense of title by adverse
possession. We take it that the question for determination
is not so much whether defendant is estopped to deny the title
as alleged to have been derived from common ancestor with
plaintiffs, as whether the facts in this case constitute adverse
possession within the meaning of the statute as against the
plaintiffs' delivery of the deed to Coddington, what was the
relative position of the parties. The law seems to be well
settled that by proof of actual ouster one co-tenant may sus-
tain an action in ejectment against another, and that a convey-
ance by the owner of a share of the whole estate and delivery
of possession of the whole is an ouster. Sedg. & Waite on
Trial of Land Title, pp. 41, 69, 199, 476, 739, 482; Dem-
blitz on Land Titles, sec. 183. Has such proof of ouster of
plaintiffs been shown? We think it has, and that the deed to
Coddington established clear, open, notorious, adverse posses-
sion in the grantee. We think the supreme court of the
United States in the case of Robertson v. Pickerel, 109 U. S.
615, laid down the true rule: "Where both parties assert
title in a common grantor and no other source, neither can
deny that such grantor had a valid title when he executed his
conveyance." That court did not decide that where title was
asserted from any other source, such estoppel would operate;
nor do we find any authorities which do so hold. Our view
of the law is not at variance. The defendant in this case
under his deed with full warranty of covenants might well
have assumed that his grantors were so seized, and here it is
immaterial whether they were or not. Their act gave to de-
fendant and his privies a possession under color of title adverse
to these plaintiffs, and the defendant is not bound to depend

his title on that of Ambrosio Armijo, the ancestor. The distinction between color of title and title must be presented. Sete v. Waite, sec. 764. He holds in opposition to Ambrosio Armijo and to these plaintiffs. He holds by virtue of the limitation in the statute. The statute is his source of title, so that he did not come into possession wrongfully. He came into possession under color of title, and by operation of the statute he has title by adverse possession against all claimants excepting those under disability in whose favor the law has preserved a right of action. That eminent jurist, Chief Justice Marshall in the case of Blight's Lessee v. Rochester, 7 Wheaton 543, in considering the principle that one is bound to admit the title when traced to a common ancestor said, "But if the deed of the defendant does not refer to their ancestor * * * the defendant holds in opposition to John Dunlop (the ancestor) or claims to have acquired that title. If he holds under adverse title his right to contest that of Dunlop is admitted," and "The vendee acquires the property for himself, and his faith is not pledged to maintain the title of the vendor. The rights of the vendor are intended to be extinguished by the sale, and he has no continuing interest in the maintenance of his title, unless he should be called upon in consequence of some covenant or warranty in his deed. The property having become by the sale the property of the vendee, he has a right to fortify that title by the purchase of any other in the quiet enjoyment of the premises. No principle of morality restrains him from doing this nor is either the letter or the spirit of the contract violated by it. The same court in the case of Willison v. Watkins, 3 Pet. 45, held in discussing the question of estoppel between landlord and tenant, that, "the extent of the doctrine was never intended to go so far as to apply to a case where the tenant disclaims the tenure, claims the fee adversely in right of a third person or his own, or attorns to another. His possession becomes tortious by the forfeiture of his right, and the landlord's right of entry is complete, and he may sue at any time within the period limited, but he must lay his demise subsequent to the

termination of the tenancy, for before that he had no right of entry.   By bringing his ejectment he also affirms the tenancy and goes for the forfeiture.   The relation between tenants in common is in principle very similar as that between lessor and lessee; the possession of one is the possession of the other, while the tenure is acknowledged.   But if one ousts the other or denies the tenure, and receives the rents and profits to his exclusive use, his possession becomes adverse and the statute of limitation begins to run." This doctrine is affirmed by the case of Barnetz, Lessee, v. Casey, 7 Cranch. 464, in which Mr. Justice Storey said:   "As however a tenant in common can not in general maintain an action of ejectment against his cotenant, and there are no facts found in this case to prove an actual ouster and to take it out of the general rule the consequence is that the judgment in the opinion of the majority of the court must be affirmed." In the case of Probst v. Trustees, etc., 128 U. S. 182, the supreme court discussed the question of what constituted adverse possession under the statute involved in this case.   Mr. Justice Miller, in delivering the opinion of the court, quotes from Ewing v. Burnet, 11 Pet. 41, 52.   "An entry by one man on land of another is an ouster of the legal possession arising from the title, or not, according to the intention with which it is done. If made under claim and color of right, it is an ouster; otherwise it is a mere trespass in legal language. The intention guides the entry and fixes its character." It is the essence of the statute of limitation that whether the party had a right to the possession or not, if he entered under the claim of such right and remained in the possession for the period of ten years or other period prescribed by the statute, the right of the plaintiff who had the better right is barred by that of adverse possession." If there be any case which could clearly illustrate the sound policy of acts of repose and quieting title and possession by the limitations of actions, it is in this.   Here was actual ouster of plaintiffs by their cotenants, by deed promptly recorded, and actual, open, notorious adverse possession in defendant and privies from that day to this.

After careful reviewing of the authorities we can not assent to the doctrine contended for by plaintiffs, that this defendant is estopped from denying their title because derived through a common ancestor. The title of the plaintiffs to the locus in quo depends entirely upon the will of Ambrosio Armijo, while, as against them, whatever rights the defendant acquired depends upon the statute of limitations. And the legal effect of the deed from the heirs to Coddington having been to disseize the plaintiffs, and set the statute in motion as against them, we must now determine whether Neher acquired such an interest in the locus in quo as would defeat the plaintiffs' right to recover. By successive conveyances that title which Coddington acquired and to which the defendant must trace his title for a lawful entry, this possession has been continued without interruption adversely to these plaintiffs down to the present time. As against any cotenants of the grantors who were not under disabilities we see no reason why after ten years of such adverse possession this title might not by operation of the statute have matured into a perfect title. But what were the facts at the time of the conveyance to Coddington? These plaintiffs were both under the disability of infancy, and under our statute had three years after arriving at full age within which to bring their action. Ambrosio Armijo, in his right, and Anita Armijo, by her guardian commenced this action within the time so limited.

In view of what is here decided, can defendant maintain title by adverse possession as against these plaintiffs? Suppose that plaintiffs had joined with their cotenants in the deed to Coddington, and that Coddington had held down to the present time. Would there be any dispute as to their power to repudiate their own act, and could Coddington hold as against such disaffirmance? We think not. Much less then is it true that this defendant by the adoption of a tortious act committed upon these plaintiffs during their infancy could have the benefit of the bar of statute of limitations as against them at any time within the three years after the removal of their disability, and it appears from the record that the plain-

tiffs commenced their action within the time prescribed by law.

In this court the defendant in error interposes a motion to dismiss the writ of error, alleging a misjoinder of parties defendant in error, and. plaintiff in error, has

ERROR: assign-
ment of writ.

moved to amend, by striking out the names of Dolores Armijo de Borradaile and John Borradaile, her husband.     We are of the opinion that our right to permit the amendment exists under section 2685, sub-section 94, Compiled Laws 1897.

For the foregoing reasons, we are of · the opinion that under the evidence presented by the record in this cause, there was no error committed by the trial court prejudicial to the right of plaintiff in error, and the judgment of the district court of Bernalillo county is affirmed.

Mills, C. J., Parker, McFie and Leland, JJ., concur.

SYLLABUS BY THE COURT.