## H. W. BERRYMAN ET AL. v. ARCH MCDONALD.

### Decided February 5, 1908.

**1.—Estates—Administrator's Sale—Reconveyance to Administrator.**

After an administrator has fairly and legally effected a sale of lands of an estate, the mere fact that the purchaser of such lands reconveys them to the administrator in his individual capacity and as trustee for certain creditors, would not have the effect of re-investing the estate with the title.

**2.—Administrator's Deed—Recitals—Report of Sale—Conflict.**

As between the recitals in an administrator's deed concerning the payment of the purchase money and the statements in his report of the sale, the latter should have greater probative force.

**3.—Estates—Sale for Cash—Irregularity—Collateral Attack.**

Although the probate law in force in 1842 required sales of land by administrators to be on a credit of twelve months, a sale for cash with the approval of the court would be only an irregularity which could not be taken advantage of in a collateral proceeding.

**4.—Partition—Sale by Cotenant—Presumption.**

Where a cotenant sells a specific part of the common estate and no objection is made thereto by the other cotenants for a period of seventy years, it will be presumed that the cotenant making the sale elected to take the land sold as a part of his share in the estate and that the other cotenants acquiesced in or ratified the partition.

Appeal from the District Court of Cherokee County. Tried below before Hon. James I. Perkins.

*Guinn, Norman & Guinn,* for appellant.

*M. B. Sevier,* for interveners.—Before the deed of Starr, administrator, would be admissible, the order of sale, report of sale and deed itself would all have to agree on the terms and conditions, and if the report of the sale shows that sale was made on twelve months time and deed should show a cash consideration, and there being no confirmation of the sale or order of the court changing the report of sale, there would be a conflict between the report of sale and deed, and proof would have to be made explaining such conflicts before the deed could be offered and introduced in evidence. El Paso v. Ft. Dearborn Nat. Bank, 74 S. W. Rep., 21; Fishback v. Page, 17 Texas Civ. App., 183; Ball v. Collins, 5 S. W. Rep., 623; Brown v. Christie, 27 Texas, 74; Alexander v. Maverick, 18 Texas, 194; Miller v. Miller, 10 Texas, 320; Graham v. Hawkins, 38 Texas, 634; Neill v. Cody, 26 Texas, 286.

*Thos. B. Greenwood,* for appellee.—The probate Act of 1840 required no confirmation of the sale made by the administrator. However, the approval of the administrator's accounts, showing the receipt of the proceeds of sale and showing the disbursement thereof for the benefit of the estate, amounted in substance and in legal effect to a confirmation of the sale. Williams v. Cessna, 95 S. W.

Rep., 1109; Templeton v. Ferguson, 89 Texas, 47; Pendleton . v. Shaw, 18 Texas Civ. App., 439.

The fact that the administrator received cash instead of a note on delivery of his deed, did not invalidate the title of the purchaser. Cassels v. Gibson, 27 S. W. Rep., 725; Perry v. Blakey, 5 Texas Civ. App., 331; Brown v. Christie, 27 Texas, 76-78.

The later decisions of the Supreme Court have settled the doctrine that sales of an administrator to himself through the intervention of another, or sales to another for the joint benefit of himself and the administrator, in short, collusive and fraudulent sales, by which the administrator and purchaser have sought to defraud the estate of lands, are not void on account of that fraud, but are merely voidable on direct attack. However, the record of this case shows no evidence sufficient to raise any such question. McCampbell v. Durst, 15 Texas Civ. App., 522; Rutherford v. Stamper, 60 Texas, 449; Storer v. Lane, 1 Texas Civ. App., 250; Jackson v. Houston, 84 Texas, 624-625; Shirley v. Warfield, 12 Texas Civ. App., 449; Kalteyer v. Wipff, 92 Texas, 679.

Santiago Dill never acquired any title to the land subsequently granted to his widow, Helena Kimble, nor did he ever have any right thereto, inchoate or other, which was by law recognized or confirmed after the Revolution of 1810. Hence, the grant to Helena Kimble was in her own right as the head of a family under the colonization law of 1825, and did not enure to the benefit of the estate of Santiago Dill. Articles 36, 38, 42, Sayles' Real Estate Laws of Texas; secs. 17, 22, art. 47, Early Laws of Texas; sec. 12; art. 40, Early Laws of Texas; Paschal v. Perez, 7 Texas; 348, 368, 372; Upson v. Campbell, 99 S. W. Rep., 1129, 1130, 1131; Kemper v. Victoria, 3 Texas, 138; Trimble v. Smithers, 1 Texas, 807, 809; Jones v. Menard, 1 Texas, 771; Edwards v. Roark, 19 Texas, 184; Sherwood v. Fleming, 25 Texas Supp., 408; Dent v. Emmeger, 14 Wall, 308, 20 L. Ed., 838; Menard's Heirs v. Massey, 8 How., 303, 12 L. Ed., 1089, 1091.

The undisputed evidence showing that Helena Kimble owned at least an undivided half interest in four leagues of land in 1838, when she conveyed a single specific league to one under whom appellee now holds title to 2453 acres, and the undisputed evidence further showing that such conveyance of a single league was acquiesced in by all other tenants in common, if any there were, for some seventy years, no other judgment could have been properly rendered than for appellee for the 2453 acres. Furrh v. Winston, 66 Texas, 523, 524; Cook v. I. & G. N. Ry. Co., 22 S. W. Rep., 1012; Maverick v. Burney, 88 Texas, 561.

McMEANS, ASSOCIATE JUSTICE.—This was a suit by appellee against H. W. Berryman and others to recover 2453 acres of land of the Helena Kimble four league grant, and to recover the value of certain timber cut therefrom. M. B. Sevier, joined by her husband, intervened and sought to recover the land. Judgment was rendered upon a verdict, which the court directed, that appellant and M. B. Sevier and her husband, take nothing, and that appellee recover the land and the value of the timber removed.

The land in question is a part of the northwest league of a tract of four leagues surveyed in a solid body, granted to Helena Kimble by the Government of Coahuila and Texas in 1828. On September 24, 1838, Helena Kimble, then the wife of William Nelson, joined by her husband, conveyed the northwest league of the four leagues granted to her, to Kelsey H. Douglass, for $2000 in cash. Appellee claims title under the deed by the administrator of Kelsey H. Douglass made in 1842. The validity of this conveyance to pass the title of the estate and heirs of Douglass, and the probate proceedings under which the sale was made to authorize the sale and conveyance are attacked by appellants, the interveners claiming title in Mrs. Sevier as heir of Douglass.

All the questions raised by the assignments attacking the validity of the conveyance and the proceedings in the Probate Court are settled adversely to appellants' contention by the decision of this court in the case of the same appellants against Alexander Biddle et al., in an opinion delivered by Associate Justice Reese, filed January 24, 1908 (48 Texas Civ. App., 624), and need not be repeated here.

It appears that the land was sold by the administrator, James H. Starr, to R. Parmlee for $850. The report of the administrator shows that it had been sold for notes due in twelve months secured by a vendor's lien, but the deed and the administrator's accounts show the receipt of the consideration in money and its disbursement with the sanction of the court. On June 8, 1842, Parmlee conveyed to James H. Starr the northwest league, with various other lands, for a recited consideration of $6,154. On February 5, 1851, Starr conveyed the lands to S. P. Church by deed reciting that he, Starr, had been holding the title for the benefit of Wells Phillips and others, had acquired same by means of dividends derived from the estate of Kelsey H. Douglass, and that S. P. Church had succeeded to the rights of Wells Phillips, and that all parties at interest had directed him to convey the title to Church. Appellee proved a regular chain of title from Church to himself to the 2453 acres sued for.

It is contended by appellants that the effect of the conveyance to Starr was to revest the legal and equitable title in the estate of Douglass, of which Starr was administrator. The contention can not be sustained. As said by Judge Reese in the case above referred to, "The conveyance was not to Starr as administrator of the estate of Douglass, but to him in his individual capacity merely as trustee for the creditors. This was a perfectly fair and legitimate arrangement. The administrator having properly sold the land so as to completely divest the title of the estate, and the proceeds having been received by the estate and applied to the payment of its debts, the estate was not affected in any interest it could possibly claim by the deed to Starr for the benefit of creditors. . . ." These proceedings and conveyances vested the title of the estate in S. P. Church, under whom appellee has a complete title to the land.

It is true that the law at that time required all sales of land made by an administrator to be on credit, and appellant contends

that the sale in this instance, as shown by the deed from Starr to Parmlee, was for cash and that not being in conformity to law the deed was void. Looking to the report made to the court by the administrator we find that he there states the land was sold on credit, and we think that his statement there made has greater probative force than the mere recital of a cash consideration stated in the deed. As said in Fishback v. Page, 17 Texas Civ. App., 183: "It was not then an uncommon thing for a deed to recite payment of the consideration when only securities were taken for the price." However that may be, had the sale been made for cash, such a departure from statutory requirements would only constitute an irregularity, which in a direct proceeding may entitle parties at interest to have the sale set aside, but it would not deprive the Probate Court of jurisdiction and subject a sale so made to collateral attack. Cassels v. Gibson, 27 S. W. Rep., 725; Perry v. Blakely. 5 Texas Civ. App., 331; Brown v. Christie, 27 Texas, 76.

It is insisted, however, by appellants that they, being the heirs at law of James Dill, and the property in question having been the community property of said Dill and his wife (afterwards Helena Kimble) at the time of his death, and he having never sold any part thereof, they, the appellants, would be cotenants or joint owners with appellee in the land. The facts with regard to the grant, as shown by the record, are fully set out in the opinion in Berryman v. Biddle, and need not here be restated. Whether the land granted became the separate property of Helena Kimble, the grantee, or community property of herself and Santiago Dill, the ancestor of the appellant Berryman, is a question as to which we are in some doubt; but in the view we take of the law, when applied to the facts in the record, a decision of that question is not necessary and can not affect the decision of this case. Assuming the land to be community, the undisputed evidence showed that Helena Kimble owned at least an undivided half interest in four leagues in 1838, when she conveyed a single specific league to one under whom appellee now holds title to 2453 acres; and further, it sufficiently appears that such conveyance of the one league of the four granted was acquiesced in by all other tenants in common, if there were any, for nearly seventy years. There is no evidence in the record that suggests what has ever become of the other three leagues or as to their value relatively, and this case must be decided by its own record. As the four leagues were laid off in a square, it is a reasonable inference that it was all of about equal value. By conveying the league in question Helena Kimble elected to take this as part of her share in the land. It was a partition which bound her and bound the other part owner, if enough was left for his full share, and he acquiesced in or ratified such partition. Jennings v. Borton, 44 Texas Civ. App., 280; Furrh v. Winston, 66 Texas, 523.

No errors are pointed out by the assignments and the judgment must be affirmed.

*Affirmed.*