[No. 7683.  Decided December 30, 1908.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent,* v.
MARTIN GEORGE *et al., Appellants.*[1]

EJECTMENT—TITLE OF PLAINTIFF.  The legal title through a patent
from the government is sufficient to support ejectment.

PUBLIC LANDS — DONATION CLAIM — ABANDONMENT — RAILROAD
GRANT.  A portion of a donation land claim, originally settled upon,
is part of the public domain and is not reserved from a railroad
grant, where it was not included in the Surveyor General's subse-
quent survey, and had been abandoned by the settler, who in lieu
thereof acquired title to the claim as surveyed.

ADVERSE POSSESSION—ABANDONMENT—ACCEPTING LEASE.  A claim
of adverse possession to land is abandoned by accepting a lease
thereof from the owner.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered March 20, 1908, in favor of the
plaintiff, in an action of ejectment.  Affirmed.

*L. C. Stevenson* and *C. L. Westcott,* for appellants, con-
tended that the premises were not a part of the public do-
main, and were not included in the grant to the railroad.  In
*re Elliott,* 1 Land Dec. 303; *Texas & Pac. R. Co. v. Han-
cock,* 3 Land Dec. 164; *Hastings etc. R. Co. v. United States,*
3 Land Dec. 479; *St. Paul etc. R. Co. v. Leech,* 3 Land Dec.
506; *Boss v. Central Pac. R. Co.,* 11 Land Dec. 571; *Oregon
& Cal. R. Co. v. Kuebel,* 22 Land Dec. 308; *In re Oregon &
Cal. R. Co.,* 28 Land Dec. 345; *Oregon Short Line R. Co. v.
Fisher,* 26 Utah, 179, 72 Pac. 931; *Union Pac. R. Co. v.
Harris,* 76 Kan. 255, 91 Pac. 68; *Nelson v. Northern Pac.
R. Co.,* 188 U. S. 108, 23 Sup. Ct. 302, 47 L. Ed. 406;
*Michigan Cent. R. Co. v. Bullard,* 120 Mich. 416, 79 N. W.
635.

*B. S. Grosscup* and *W. C. Morrow,* for respondent, cited:
*Railway Co. v. Baldwin,* 103 U. S. 426, 26 L. Ed. 578; *Bybee
v. Oregon & Cal. R. Co.,* 139 U. S. 663, 11 Sup. Ct. 641, 35

[1]Reported in 98 Pac. 1126.

L. Ed. 305; *Missouri etc. R. Co. v. Cook*, 163 U. S. 491, 16 Sup. Ct. 1093, 41 L. Ed. 239; *Northern Pac. R. Co. v. Hasse*, 197 U. S. 9, 25 Sup. Ct. 305, 49 L. Ed. 642; *Frisbie v. Whitney*, 9 Wall. 187, 19 L. Ed. 668; *Yosemite Valley Case*, 15 Wall. 77, 21 L. Ed. 82; *Alexander v. Kansas City etc. R. Co.*, 138 Mo. 464, 40 S. W. 104; *Jamestown & N. R. Co. v. Jones*, 7 N. D. 619, 76 N. W. 227; *Hamilton v. Spokane & Pac. R. Co.*, 3 Idaho 164, 28 Pac. 408; *Oregon & Cal. R. Co. v. United States*, 190 U. S. 186, 23 Sup. Ct. 673, 47 L. Ed. 1012; *Hall v. Russell*, 101 U. S. 503, 25 L. Ed. 829; *Maynard v. Hill*, 125 U. S. 190, 8 Sup. Ct. 723, 31 L. Ed. 654; *Yesler Estate v. Holmes*, 39 Wash. 34, 80 Pac. 851; *Northern Pac. R. Co. v. Townsend*, 190 U. S. 267, 23 Sup. Ct. 671, 47 L. Ed. 1044; *Northern Pac. R. Co. v. Ely*, 197 U. S. 1, 25 Sup. Ct. 302, 49 L. Ed. 639.

MOUNT, J.—Respondent brought this action in ejectment against the appellants. The cause was tried to the court below without a jury. The trial resulted in a judgment in favor of the plaintiff. The defendants appeal.

The property in dispute is a strip of land in lot 7, section 19, township 19, north, of range 5, east, W. M., lying between two parallel lines distant thirty-three feet and two hundred feet, respectively, northerly from the center line of respondent's main track of railway, crossing said lot 7. Said parallel lines run parallel to the center line of the railway. The respondent claims this land is a part of a grant of right of way, under the act of Congress approved July 2, 1864 (13 U. S. Stats. at Large, 367), to the Northern Pacific Railroad Company. The appellants claim that, at the time of the passage of the act of 1864, the land in question was not public land of the United States, by reason of the fact that in October, 1854, one Henry Whitesell, father of one of the appellants, settled upon the three hundred and twenty-acre tract, including the land in question, as a donation land claim, under the act of Congress approved September 25,

1850; that said Whitesell was in possession of the land at the time of the passage of the act of 1864. Appellants also claim title by adverse possession for a period of more than ten years.

At the trial it appeared that the Northern Pacific Railroad Company, on March 26, 1884, filed in the office of the commissioner of the general land office its map of definite location of that portion of its road extending over the land in question, and thereafter duly constructed the road, which construction was reported to the President of the United States and accepted on October 7, 1884; that the land in question was selected by the railroad company on February 25, 1885; that the selection was approved in May, 1895, and patent issued to the company in the same month; that there had been no filing on this land by any person other than the railroad company; and that, so far as the records show, the land was public land at the time of the passage of the act of 1864. It also appeared that the respondent has at all times been assessed and paid taxes on the land. It also appears that the appellants, in the year 1897, leased from the respondent the right to fence and cultivate the land in question, for the period of three years from May 1st of that year.

On the part of the appellants it appears that, in the year 1854, Henry Whitesell, under the provisions of the act of Congress approved September 25, 1850, entitled "An act to create the office of surveyor general of public lands in Oregon and to provide for the survey and to make donations to settlers of said public land," settled upon a certain three hundred and twenty-acre tract of land, which tract included the land in question in section 19. In the year 1873 the donation claim of Mr. Whitesell was surveyed by the surveyor general, whose duty it was to locate such claims, and the claim of Mr. Whitesell was located wholly in section 30, township 19, north, range 5, east, W. M., and covered no part of the property in question now; that subsequently Mr. Whitesell proved his claim to the land as located by the sur-

20—51 WASH.

veyor general, and received a patent therefor, which was
accepted and filed of record. The land so patented was
wholly within section 30, and did not embrace lot 7, in section
19, the land in question.

Two points are contended for by appellants: (1) that
respondent must recover upon the strength of its own title,
and (2) that the land in question was not public land at the
time of the passage of the act of 1864. As to the first point,
it clearly appears that the respondent is the holder of the
legal title through a patent from the government, which is
sufficient. The second point depends upon the fact whether
the claim of Mr. Whitesell, initiated in 1854, removed the
land in question from the operation of the grant of 1864.
Conceding, without deciding, that the appellants may now
raise this question, it appears to have been settled adversely
to their contention by the supreme court of the United States,
in the case of *Oregon & Cal. R. Co. v. United States*, reported
in 190 U. S. 186, 23 Sup. Ct. 673, 47 L. Ed. 1012, where the
court said, at page 195:

"It is clear that title to the land here in question never
passed from the United States under the donation acts of
1850 and 1853, since the donation was only made to those
'who shall have resided upon and cultivated the same for
four consecutive years, and shall otherwise conform to the
provisions of this act.' *Hall v. Russell*, 101 U. S. 503;
*Maynard v. Hill*, 125 U. S. 190. As these conditions were
never complied with, the land continued to be the property of
the United States, to which the railroad grant subsequently
attached, unless such grant was defeated by the fact that the
donation notification still remained of record in the office of
the surveyor general. As the land had neither been 'granted,
sold; . . . occupied by homestead settlers, preempted,
or otherwise disposed of,' the bill can only be sustained upon
the ground that at the time land was selected it was 're-
served' from sale. But for what purpose was it reserved?
Not for the donation settler, since he had abandoned the land
fifteen years before; not for the United States, since every
possible incumbrance had been removed from it, and it had

lapsed into its original condition of public land, open to preemption or sale. It is true the donation notification had not been formally cancelled, but the donation acts made no provision for such cancellation, although it may, perhaps, have been within the power of the land department to take such action, even prior to the act of 1894. This, however, was not done, but the land might have remained in that condition permanently, had not some other person applied to enter or purchase it by showing that it had been abandoned by the original donee. But, if this may be done by an individual preemptor, why may not a railroad company do the same thing by claiming the land under its grant, and showing in defense of this suit that it had actually been abandoned? . . . We think that, considering the fact that fourteen years had elapsed since original settlement, the railroad company would be authorized to infer that the donee had abandoned the land, as in fact appears to have been the case. Under the facts of the case we think the lands were not reserved within the meaning of the granting act."

So in this case, prior to the time of the location of the railway upon the land, Mr. Whitesell had abandoned the same, and in lieu thereof, had acquired title to the land in section 30. The land in question was, therefore, not reserved at the time the grant of the railway company attached. If there was a claim of adverse possession of this land by the appellants prior to the lease of 1897 above referred to, such claim was abandoned by the making of the lease.

The judgment of the trial court appears to be right, and is therefore affirmed.

HADLEY, C. J., CROW, DUNBAR, FULLERTON, and CHADWICK, JJ., concur.