**221 P.2d 1058**

## MADRID et al. v. BORREGO et al.
### No. 5266.

Supreme Court of New Mexico.
Aug. 30, 1950.

278

Joseph M. Montoya, Edwin L. Felter, Santa Fe, for appellants.

Samuel Z. Montoya, Santa Fe, for appellees.

COMPTON, Justice.

This is an appeal from a judgment in ejectment entered following trial before the court without a jury. The plaintiffs below are the appellants here. The facts fairly deducible when the trial court sustained a motion to dismiss interposed as the plaintiffs rested will be stated.

On September 27, 1937, a patent from the United States of America to Nestora Ma-

drid was issued and delivered to the grantee named in it covering the lands involved in this action. At the time the patentee resided on the premises with her two sons Fortunato Madrid and Canuto Madrid. They continued to live with her upon the premises until the time of her death in 1936 and, thereafter, until March 29, 1939, when the son, Fortunato Madrid, died. He left surviving him three children as his sole heirs at law, Eduardo Madrid, Ignacita Madrid Ortega and Juanita Madrid Maestas, who were the plaintiffs below and who are the appellants here. Canuto Madrid, brother of Fortunato, continued his residence upon the premises for a period following the death of his brother.

Prior to the death of Fortunato Madrid and on September 6, 1938, Canuto Madrid by a deed signed by him alone, conveyed the easterly portion of the land described in said patent to Delfido Quintana, one of the defendants below. On March 11, 1939, eighteen days before the death of Fortunato Madrid, Canuto made another conveyance of the remainder, or westerly portion, of the premises described in the patent to Juan Borrego, who was the other of the two defendants below. Each of the instruments mentioned was signed by Canuto Madrid, alone, and purported to convey the entire interest in the premises described.

The plaintiffs framed their original and amended complaint in ejectment in ordi-

nary form. Each was met by the answer of defendant, Delfido Quintana, consisting of a general denial and reliance on the deed from Canuto Madrid to the premises described in his deed, adverse possession thereunder and a counterclaim for the value of improvements said to have been placed on the premises by him. The defendant, Juan Borrego, answered separately, pleading a general denial, reliance on the deed to him from Canuto Madrid and adverse possession thereunder.

At the trial the plaintiffs introduced as their Exhibit No. 1 the patent issued to their grandmother, Nestora Madrid, and tendered proof tending to show that when Fortunato Madrid learned of the unauthorized conveyance by Canuto Madrid to Delfido Quintana of the easterly portion of said premises a voluntary partition of the premises involved occurred between them. The voluntary partition claimed, if established, would have shown an acquiescence on Fortunato's part in the conveyance of the entire interest in the easterly part of the lands to Delfido Quintana and an acquiescence on Canuto's part in the ownership by Fortunato of the entire interest in the remainder of the lands described in the patent. Coincident with the tender of this proof the plaintiffs moved to dismiss as to Delfido Quintana, thereby electing to pursue their claim in ejectment against Juan Borrego alone for the lands conveyed to him by Canuto Madrid. The

motion to dismiss as to Delfido Quintana obviously was made by the plaintiffs in conformity with and affirmance of the voluntary partition which they were endeavoring to prove and which would leave them in undisputed ownership of the entire interest in the westerly part of the patented premises conveyed by Canuto Madrid, as plaintiffs were contending, in absolute defiance of the voluntary agreement of partition.

Thus it is that while plaintiffs in their complaint sought to recover possession of the entire tract, at the trial they seemed to have abandoned any right of possession to the portion previously conveyed to the defendant Quintana. They merely sought to show a voluntary partition of the respective interests of their father and uncle whereby they became the owners of the west portion. It must be conceded that partition of lands held in common may be effected in such manner. Berryman v. McDonald, 49 Tex.Civ.App., 81, 107 S.W. 944; Abbott v. Gulf Production Co., Tex.Civ.App., 100 S.W.2d 722; Eaton v. Tallmadge, 24 Wis. 217. And of course, cotenants may maintain ejectment jointly or severally, each having a right of possession. Neher v. Armijo, 9 N.M. 325, 54 P. 236; De Bergere v. Chaves, 14 N.M. 352, 93 P. 762, 51 L.R.A.,N.S., 50. The evidence tending to establish a voluntary partition is the testimony of the plaintiff Eduardo Madrid, as follows:

"Q. What was done with the property, if anything, by your uncle Canuto Madrid and your father, Fortunato Madrid? A. My uncle Canuto sold a portion to Mr. Delfido Quintana and the other part remained in my father's possession and my uncle Canuto sold it to Mr. Juan Borrego, the other part that used to belong to my father.

"Q. Do you know whether or not your father joined in with Canuto Madrid to making this sale to Juan Borrego? A. No, Sir.

"Q. Do you know whether or not there were any agreements between Canuto Madrid and your father respecting this land? A. No, the only thing he done was he explained to him not to sell any more property and he told him that it was all right that it was his part."

But an examination of the record discloses that the above testimony was stricken as hearsay, leaving the record almost barren of any evidence tending to support the issue of partition. Nevertheless, the court found, finding number (6), that Fortunato Madrid acquiesced in the sale and transfer of the lands by Canuto Madrid to the defendant Delfido Quintana. Clearly, with the evidence mentioned stricken, the finding has no substantial support in the evidence and should be set aside. It follows that the judgment is erroneous as to both defendants.

It is our conclusion, barring the question of partition, an issue yet to be determined, that the defendant Borrego acquired and retains an undivided one-half interest in the westerly portion and that the defendant Quintana acquired and retains an undivided one-half interest in the easterly portion of the premises by reason of the conveyances from Canuto Madrid and that plaintiffs, jointly, are the owners as cotenants of the remaining one-half interest by descent from their father, Fortunato Madrid. The patent from the government to Nestora Madrid, their grandmother, followed by possession of plaintiffs' father, Fortunato Madrid, casts sufficient title upon them to maintain the suit. Neher v. Armijo, supra; De Bergere v. Chaves, supra; Segars v. Crump, 177 Ga. 665, 170 S.E. 785; Wilson v. Johnson, 51 Fla. 370, 41 So. 395; Lynch v. Calkins, 75 Okl. 137, 182 P. 225; Northern Pac. Ry. Co. v. George, 51 Wash. 303, 98 P. 1126.

The defendant Borrego bases his title not alone on the conveyance to him by Canuto Madrid but he relies upon title by adverse possession. It is clear that title by adverse possession cannot be maintained by either defendant as the action was timely filed. It is also contended by the defendant Borrego that the judgment should be affirmed as the boundaries to the various tracts conveyed were not definitely established. This contention, likewise, is without merit. It was stipulated by counsel

that the complaint embraced the land claimed by Borrego.

Upon a retrial the decisive questions would seem to be whether there was a voluntary partition of the interests of Fortunato and Canuto Madrid, and if so whether Borrego had knowledge of such fact or was otherwise charged with notice as to the interests of the plaintiffs therein at the time he acquired his deed. Obviously, if voluntary partition be shown and such knowledge or notice established, Borrego cannot successfully assert title to any interest, the conveyance from Canuto Madrid in such circumstances being wholly ineffective.

It is to be observed that although the plaintiffs moved for a dismissal as to the defendant Delfido Quintana, the trial court did not enter a mere dismissal but, apparently treating the motion as a disclaimer, retained this defendant in the case for the purpose of making findings of fact in his favor. The decree, as to the land claimed by him, can only be based on testimony stricken by the court tending to show voluntary partition through acquiescence on the part of Fortunato Madrid in the conveyance by his brother, Canuto, to Delfido Quintana. Of course, such a finding cannot be sustained.

An examination of the record draws one inescapably to the conclusion that a grave injustice impends. If there was in fact a voluntary partition, as claimed by the plaintiffs, Delfido Quintana owns the *entire* interest in the lands claimed by him and the plaintiffs the *entire* interest in the remainder of the land described in the patent, provided the defendant Borrego took from Canuto Madrid with notice of such partition. If there was no voluntary partition, then the plaintiffs own in equal shares an undivided one-half interest in the separate tracts claimed by defendants, each defendant owning the other undivided one half interest in the tract claimed by him. The appeal was taken by plaintiffs from the decree as a whole. Hence, it is before us for review in its entirety. Full justice to all parties cannot be done save by completely setting aside the decree entered and awarding a new trial at which the parties may make such amendments, if any, of their pleadings as they may be advised and the trial court shall permit.

Accordingly, the decree entered will be reversed and the cause remanded with a direction to the trial court to set aside its decree heretofore entered and award a new trial and for further proceedings conformably to the views herein expressed. The cost of this appeal shall be equally divided between the parties.

It is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.