Kate L. Cook et al. v. International & Great Northern
Railway Company.

No. 144.

**1. Tenants in Common, Conveyance by.** — Two out of five tenants in common, in 1872, conveyed to the two railway companies composing the International & Great Northern Railway Company, to each, a right of way. The interest of the other tenants in common in the right of way is now sued for. By partition between them, made after the sale of the right of way, the tenants in common equally divided between them the remainder of the 580 acres tract out of which the right of way had been sold. *Held*, that having by their subsequent partition put it out of their power to have any other partition with the railway company, they could not recover.

**2. Deed of Tenants in Common.** — While it has been held that the deed of a tenant in common for a portion of the land by metes and bounds is void, the recognized doctrine in this State is, that such a deed will convey an equity which the grantee has the right to assert in a suit for partition, if it can be done without prejudice to the other tenants in common.

**3. Cotenancy—Effect of Partition.** — Plaintiffs having, by making partition of the remainder of the land to which the railway company was not made a party, put it out of their power to have such partition with defendant as would recognize its right to have the land in controversy set apart to it, such proceedings must be deemed equivalent to a recognition of the right of defendant to have the land set apart to it, because all the rest of the land has been appropriated.

**4. Right of a Purchaser of Less than the Whole of the Cotenant's Interest.** — The right of the vendee of a cotenant to have the land conveyed to him by metes and bounds set apart to him, if it can be done without

prejudice to the interests of the other cotenants, being recognized, no reason is perceived why the same principle should not apply to a less interest than the entire estate of the cotenant.

APPEAL from Anderson. Tried below before Hon. F. A. WILLIAMS.

*Gregg & Reeves,* for appellants.—1. A deed by two of several joint tenants to a specific part of land can have no legal effect to the prejudice of the other cotenants; and if in a suit for partition between all the cotenants it appears that such two cotenants have, before suit brought, sold and disposed of their entire interest in the land, all relief will be refused—at least any further relief than to give them such interest as their vendors had in the particular land conveyed to them by metes and bounds.

2. A deed of one tenant in common is inoperative as to the interest of his cotenants. March v. Huyter, 50 Texas, 243; 51 Texas, 348; 55 Texas, 48, 470; 22 Texas, 390. It operates as to its maker only by way of estoppel. He can not convey by metes and bounds; it is not his to convey. Good v. Coombs, 28 Texas, 34; 24 Texas, 376; 50 Texas, 243; 60 Texas, 301.

3. A tenant in common has no right to have a particular part set aside to himself in partition, and of course can give no right to his vendee. McKey v. Welch, 22 Texas, 396. Such grantee takes "subject to the contingency of loss of the premises if on partition the parcel in question should not be allotted to his grantor." 11 Am. and Eng. Encycl. of Law, 1092.

*G. H. Gould,* for appellee.—A sale by one tenant in common of a distinct part of a large tract of land will be protected, and the part so sold set aside to the vendee, when it can be equitably done, if it does not exceed the share to which the cotenant vendor was entitled. Rev. Stats., arts. 3194, 3196; Railway v. Jarrell, 60 Texas, 267; Shepard v. Railway, 2 Texas Civ. App., 535.

GARRETT, CHIEF JUSTICE.—This suit was brought by the appellants against the appellee to recover an interest in about 17 acres of land in the city of Palestine, Texas, and for partition.

The case was tried without a jury, and comes before us on the judge's conclusions from a judgment in favor of the defendants. The conclusions of fact are as follows:

"1. F. S. Jackson, Sr., died, leaving as community property of himself and the widow who survived him 580 acres out of a quarter of a league of land granted to John Arthur, and other property.

"2. His will vested the Arthur tract of land in his widow for life,.

with remainder in fee to his children by her. Those who survived him were William E. Jackson, John T. Jackson, F. S. Jackson, Jr., Kate Jackson (now Kate L. Cook), and Everett B. Jackson. F. S., Jr., and John T. Jackson died without having married, leaving as their heirs their mother, brothers, and sister just named, and also two half-brothers, R. M. and Benjamin Jackson, children of their father by a former marriage. Mrs. Jackson, the widow, died, after having married T. J. Word and given birth to Eoline Word, who now survives. Mrs. Jackson accepted the provision made for her by the will of F. S. Jackson, Sr., in lieu of her community interest.

" 3. In 1872 John T. and William E. Jackson made a deed to the International Railway Company to the strip of land 200 feet wide over which its road was constructed, and to the Houston & Great Northern Railway Company the 150 feet strip constituting its right of way, and these are the parcels sued for. Mrs. Word also signed the deeds, but did not acknowledge them. She was then the wife of T. J. Word. John T. and William E. Jackson were then the owners of two-fifths undivided interest in the whole of the 580 acres tract.

" 4. The railway companies (which are now consolidated as the International & Great Northern Railway Company) entered upon the land sued for, built their roads upon it in 1872, and have ever since occupied and used it for their purposes, without interruption until this suit was brought.

" 5. The plaintiffs, including the Jackson heirs, have, since the conveyances were made to the defendant, divided up and appropriated all of the 580 acres tract except that sued for. The deeds expressly excluded from the division the 'land occupied' by the two railways, but divided all lying alongside it and running up to it. In these deeds it was assumed that W. E. and John T. Jackson were entitled to full shares, without deduction on account of their conveyance to the railway companies. Sales of lots have been made from time to time out of the 580 acres survey by plaintiffs and the other heirs, and many persons occupy the land.

" 6. The defendant during the trial offered in evidence the deed from W. E. and J. T. Jackson and Mary Word to the Houston & Great Northern Railway Company, and the deposition of N. W. Hunter to prove the existence and contents of the deed from the same parties to the International Railway Company. Plaintiffs objected to the same, on the ground that Mrs. Word had not acknowledged them, and was not joined in the deeds by her husband. The court admitted the evidence as against W. E. and J. T. Jackson, no point being made that the execution by them was not proved. During the final argument, several days after the evidence was all in, plaintiffs made the point, that execution by W. E. and J. T. Jackson was not proved. Under the circumstances, I conclude that the deeds should be considered as established."

While it has been held that the deed of a tenant in common for a portion of the land by metes and bounds is void, the recognized doctrine in this State is, that such a deed will convey an equity which the grantee has a right to assert in a suit for partition, and to have the land conveyed and set apart to him in the partition, if it can be done without prejudice to the other tenants in common. Plaintiffs in this case, after the sale by their cotenants to the defendant, proceeded to partition the remainder of the land among themselves; the partition was exclusive of the land conveyed to the defendant, and they did not make it a party to such partition, but in fact cut themselves off from the power to have any other partition with the defendant such as would recognize its right to have the land in controversy set apart to it. Such proceedings were equivalent to a recognition of the right of the defendant to have the land set apart to it, because all of the rest of the land was appropriated by plaintiffs, and the defendant could not have a proportional part of the land set apart to it elsewhere in the tract if it should appear inequitable for it to retain the identical tract conveyed to it by plaintiffs' cotenants. Rev. Stats., art. 3490; March v. Huyter, 50 Texas, 251; Peak v. Swindle, 68 Texas, 252; Freem. on Coten. and Part., secs. 199–204.

When the equitable right of the vendee of a cotenant to have the land conveyed to him by metes and bounds set apart to him, if it can be done without prejudice to the interests of the other cotenants, is once recognized, there can be no reason why the same principle should not apply to a less interest than the entire interest of the cotenant.

The court did not err in refusing to exclude the deeds from W. E. and J. T. Jackson to the two railroad companies, under the circumstances.

The question of limitation does not seem to have been considered in the court below, and as it is unnecessary to the disposition of the case, it will not be passed on.

There was no error in the judgment of the court below, and it will be affirmed.

*Affirmed.*

Delivered April 27, 1893.

Justice WILLIAMS did not sit in this case.