CAMPBELL v. CAMPBELL.

(Court of Civil Appeals of Texas. Galveston. March 1, 1912.)

1. ACTION (§ 45*)—MISJOINDER.

Where no partnership in lands is alleged, and no partnership accounting is sought, suit for one-half the proceeds of one tract sold by defendant is not properly joined with a suit· to partition another tract.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 378–448; Dec. Dig. § 45.*]

2. PARTITION (§ 83*)—SCOPE OF RELIEF.

In a suit for partition of land owned in equal interests, plaintiff was entitled to charge defendant's interest with another and smaller tract, which they also had owned equally, but which defendant sold, applying the proceeds to his own use; the value of the two tracts per acre being the same.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229; Dec. Dig. § 83.*]

3. PARTITION (§ 46*)—PARTIES.

The purchaser of the smaller tract is not a necessary party to the suit, since no relief is asked against him.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 114; Dec. Dig. § 46.*]

Appeal from District Court, Nacogdoches County; James I. Perkins, Judge.

Action by N. E. Campbell against E. J. Campbell. From the judgment, plaintiff appeals. Reversed and remanded.

June C. Harris, for appellant. Ingraham & Hodges, for appellee.

McMEANS, J. Appellant, N. E. Campbell, brought this suit against the appellee, E. J. Campbell, for partition of 170 acres of land, parts of the T. C. Spencer and I. G. Parker surveys in Nacogdoches county.

The allegations of his petition are, in substance, that on or about March 1, 1909, plaintiff and defendant agreed to purchase and own in common the following tracts of land, which were then owned by L. and H. Blum and James and Hannah Hogg, viz., 43.9 acres of the James Windsor league and 170 acres situated partly on the T. C. Spencer and partly on the I. G. Parker surveys in Nacogdoches county, and 50 acres situated in Rusk county; that in pursuance of said agreement, plaintiff and defendant, on March 2, 1900, purchased from L. and H. Blum the 43.9-acre tract, each paying one-half of the purchase price therefor, and that thereafter they owned said tract in common, each owning an undivided half interest therein, but that at the time·of said purchase, the plain-

tiff being under the age of 21 years, the deed thereto, for the convenience of the purchasers, was executed by L. and H. Blum to and in the name of defendant, E. J. Campbell. Substantially the same allegations are made with reference to the purchase and ownership of the 50-acre tract in Rusk county, which was bought from James and Hannah Hogg.

Appellant further alleged that on January 4, 1904, he and appellee purchased from L. and H. Blum the 170-acre tract; the deed thereto being executed in the names of appellant and appellee. He further alleged that on or about the 1st day of January, 1910, defendant, E. J. Campbell, sold and conveyed to one Jasper Dennis the 43.9-acre tract, and received and appropriated to his own use the consideration paid by Dennis therefor, "and refused and still refuses to account to plaintiff for his share and portion of said consideration, to wit, one-half thereof. Plaintiff says that he does not know and cannot allege the exact consideration paid by the said Dennis to the defendant for said land, but here alleges and charges the same to be $600. Plaintiff says that plaintiff and defendant are still joint owners in fee simple of the following described land and premises." (Here follows description, by metes and bounds, of 170 acres purchased from L. and H. Blum.)

Plaintiff then alleges that "because of the sale and appropriation of the proceeds by the defendant of plaintiff's interest in said 43.9-acre tract that plaintiff is entitled to and should have a like interest, to wit, of 21.95 acres out of defendant's share and portion of said above-described 170-acre tract; that said 43.9-acre tract and said 170-acre tract are of the same kind and quality of land, and of like value; wherefore plaintiff charges and says that he is the owner of an undivided interest of 106.95 acres of said 170-acre tract, and that defendant is the owner of an undivided interest of 65.05 acres of said land and premises."·

Plaintiff then prays in the alternative that if the court should not see fit to award him 21.95 acres of defendant's interest in said 170 acres of land, in lieu of plaintiff's interest in the 43.9-acre tract appropriated by defendant, then plaintiff alleges that the reasonable cash value of his undivided one-half interest in said 43.9-acre tract is $300, and asks judgment against defendant for said sum of $300, with interest thereon from January 1, 1910. Plaintiff then prays judgment for partition and division of the land; that commissioners be appointed and a writ of partition issue, and for possession of that portion that may be ascertained by the court to be the property of plaintiff, etc.

Defendant answered by general demurrer, which does not appear to have been acted upon, and by four special exceptions, the grounds of which are substantially (1) that

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

the petition presents a misjoinder of causes of action, viz., a suit for partition of land and a suit for damages for wrongful conversion of money belonging to plaintiff growing out of the sale of another tract of land; (2) because the petition seeks to have partition of a tract of 170 acres, in which the parties have an equal interest, and seeks to change this interest by charging defendant with a tract of 43.9 acres on a different grant, situated some miles from the 170 acres sought to be partitioned; (3) because the petition "seeks to bring a suit upon the contractual relations of the plaintiff and defendant in a tract of 170 acres of land, and to join with it a suit upon a tort for the wrongful conversion of money, alleged to belong to plaintiff," and (4) "specially excepts to all parts of said petition about the [43.9] tract of land on the James Windsor survey, because the same is collateral to, and has nothing to do with, the partition of the 170 acres of land on the Parker and Spencer surveys, and is an entirely different matter," etc.

Each of the foregoing exceptions was sustained by the court, and, the plaintiff declining to amend, the court entered judgment, decreeing that plaintiff and defendant were each entitled to one-half of the 170 acres, and refused to recognize the right of the plaintiff to charge defendant in the partition with the 43.9 acres sold by him, and from this judgment plaintiff has appealed.

Appellant's assignments of error are based upon the action of the court in sustaining the four special exceptions referred to. Appellee, in his brief, has not undertaken to reply to the points raised in the brief of appellant, but contents himself with objecting to a consideration of the brief of appellant on account of the manner in which the assignments of error are presented. These objections are without substantial merit, and are overruled.

[1, 2] The question with which we are confronted is this: Did plaintiff have the right, in his suit for partition of the 170 acre-tract, owned in equal interest by himself and the defendant, to charge defendant with the 43.9-acre tract, in which it is alleged that each owned an equal interest, and which had been sold by appellee, and the proceeds of sale applied to his own use? Or, to state the question differently: Was the suit to charge defendant with the 43.9 acres sold by him properly joined with the suit for partition of the 170 acres; it being alleged that the value per acre of the two tracts was the same?

We will pretermit any discussion of the cause of action attempted to be set up by the alternative plea for the recovery of the money value of one-half of the 43.9 acres, further than to say that, as no partnership in the lands was alleged, and no adjustment of partnership accounts was sought, we do not think a suit to recover one-half of the proceeds of the sale could be properly joined with the suit for partition.

It is true that the 43.9-acre tract was not brought into the suit for the purpose of having partition made of it; but the facts alleged are sufficient to show that both it and the 170 acres were bought jointly, in pursuance of an agreement to purchase and own in equal interests, and the allegations of the petition are sufficient, we think, to show that the defendant, by sale and appropriation of the proceeds of the smaller tract, had elected to take this tract for his own in severalty. This being true, the court, in a proceeding brought for partition between the joint owners, would be authorized to set aside to the defendant, if it could be equitably done, that tract which he had so sold, and thus protect his vendee in his title and possession thereof, a fortiori, where the other joint tenant, as in the present case, acquiesces in this appropriation by defendant and ratifies the sale of the smaller tract, and asks that it be charged against defendant's interest in the remaining tract. New York, etc., Land Co. v. Hyland, 8 Tex. Civ. App. 601, 28 S. W. 206; Arnold v. Caoble, 49 Tex. 532; Camoron v. Thurmond, 56 Tex. 30; Maverick v. Burney, 88 Tex. 561, 32 S. W. 512; Cook v. Railway Co., 3 Tex. Civ. App. 125, 22 S. W. 1012.

[3] The purchaser from defendant of the smaller tract would, under certain circumstances, be a proper party to the proceeding for partition; and, had the appellant prayed for partition of that tract, thereby repudiating the sale made by the other joint tenant of the entire tract, he would have been a necessary party. Maverick v. Burney, 88 Tex. 561, 32 S. W. 512; Camoron v. Thurmond, 56 Tex. 33. But having acquiesced in the sale by recognizing it as a partition pro tanto, and having asked no relief against the purchaser, the latter was not a necessary party. New York, etc., Land Co. v. Hyland, supra.

It follows that it is our opinion that the court erred in sustaining the exceptions to so much of the plaintiff's petition as sought to charge the defendant with the 43.9-acre tract sold by him; and for this error the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.