## MAXWELL'S UNKNOWN HEIRS et al. v. BOLDING et al.

### No. 1006.

Court of Civil Appeals of Texas. Waco.

Feb. 6, 1931.

Rehearing Denied March 12, 1931.

See, also 11 S.W.(2d) 814.

H. E. Chesley, of Hamilton, and Wilkinson & Wilkinson, of Brownwood, for appellants.

A. R. Eidson, of Hamilton, for appellees.

ALEXANDER, J.

This was a suit for partition filed in the district court of Hamilton county by Lillian Bolding, James Maxwell Bolding, and James C. Williams against the unknown heirs of James Maxwell, deceased, and others, for the partition of certain real property in Hamilton county, which property formerly constituted the community estate of William Maxwell and wife, Mollie Maxwell. Both William Maxwell and Mollie Maxwell are now deceased, the said William Maxwell having died first. Under the will of Mrs. Mollie Maxwell, all of her property was devised to Lillian Bolding, James Maxwell Bolding, and James C. Williams. There is no dispute over her share of said estate. The contest is over the estate of William Maxwell, deceased.

William Maxwell died in November, 1915, leaving a will in which he willed his share of the community property to his wife, Mollie Maxwell, during her life, and at her death whatever remained on hand and unused was willed in equal portions to John Maxwell, James Maxwell, Daniel Maxwell, Betsy Ralls, Mag Herring, Mary Carr, and W. T. Bolding. The contest in this case is over that portion of the William Maxwell estate so willed to W. T. Bolding. W. T. Bolding was named as independent executor in said will without bond. He qualified and acted as such until his death in 1925. At his death C. J. James was appointed administrator de bonis non and continued to administer the estate until the administration thereof was closed. Mrs. Mollie Maxwell died in 1927. The appellants are the surviving heirs of John Maxwell, James Maxwell, Daniel Maxwell, Betsy Ralls, Mag Herring, and Mary Carr. The appellees Lillian Bolding and James Maxwell Bolding are the surviving wife and son, respectively, of the said W. T. Bolding, deceased.

The appellants claimed six-sevenths of the estate of William Maxwell, deceased, under and by virtue of the terms of his will, and in addition they claimed that at the time W. T. Bolding qualified as executor of the said estate he received as assets thereof a large amount of cash and promissory notes and afterwards, during the life of Mrs. Mollie Maxwell, collected a large amount of rents from said property. They allege that W. T. Bolding as such executor failed to keep a strict and accurate account of the assets so coming into his hands and failed to account for the rents so collected by him. They further allege that the funds so received and unaccounted for by him exceeded the value of the portion of said estate so willed to him and that appellants are entitled to charge the same as an offset or retainer against his portion of said estate, as against his heirs Mrs. Lillian Bolding and James Maxwell Bolding,

who are now seeking to recover his portion of said estate.

A trial was had before the court which resulted in a judgment in favor of the appellees for partition of said property awarding to the appellees the whole of the estate owned by Mrs. Mollie Maxwell and an undivided one-seventh interest in the estate of William Maxwell, deceased, and awarding to the appellants six-sevenths of the property belonging to William Maxwell, deceased, and denying appellants' plea of offset or retainer. The trial court filed findings of fact and conclusions of law in which it was found that all of the property belonging to the estate of William Maxwell and his wife at the time of the death of William Maxwell, deceased, and not now on hand, was used by Mollie Maxwell and W. T. Bolding for the support and maintenance of the said Mrs. Mollie Maxwell, the payment of taxes, and the upkeep of the property, and that W. T. Bolding did not appropriate to his own use any of said property, nor misapply or convert the same. The court further found that the rents and revenues from said property were used for the support of the said Mrs. Mollie Maxwell and the upkeep of the property. These findings of the trial court are challenged by appellants as being unsupported by the evidence.

There was evidence that at the time W. T. Bolding qualified as executor of the estate of William Maxwell, deceased, he received as cash on hand approximately $1,200. The inventory and appraisement filed by the executor showed that the estate owned notes of the face value of approximately $6,000 and the estate only owed debts of approximately $600. Some of these notes were never collected, but the evidence does show that the executor did collect about $3,400 on these notes. So far as the record shows, said executor did not keep a strict account of the collections made by him, and his heirs were unable to show the exact manner in which he disposed of said money so coming into his hands. It is the contention of the appellants that under the law the executor was required to keep a strict and accurate account of all the assets coming into his hands and of the disposition thereof as made by him and that he should be charged with all of the property shown by the inventory to have come into his hands and unaccounted for by him.

■ It is doubtless true that an administrator or trustee in handling trust property is required to keep a strict and accurate account of such assets and that he is chargeable with all assets coming into his hands and unaccounted for by him. 39 Cyc. 498. If he fails to so account for such assets, the same may be charged against his share of the estate. 47 C. J. 461–475; Barkley v. Stone (Tex. Civ. App.) 195 S. W. 925; Japhet v. Pullen (Tex. Civ. App.) 133 S. W. 441; Oxsheer v.

Nave, 90 Tex. 568, 40 S. W. 7, 37 L. R. A. 98; Moore v. Moore, 89 Tex. 29, 33 S. W. 217; Campbell v. Campbell (Tex. Civ. App.) 145 S. W. 638. In an action against such trustee or administrator to compel an accounting of the funds so received, the burden is upon such trustee or administrator to make a proper and satisfactory accounting of the funds shown to have come into his hands. 39 Cyc. 476. However, one seeking an accounting and who charges fraud or maladministration has the burden of establishing such charges. He must at least prove that the administrator or trustee received the funds. Ladd v. Stephens, 147 Mo. 319, 48 S. W. 915, at page 921; 24 C. J. 960, § 2381. The mere fact that certain notes were listed in the inventory as assets of the estate would not be conclusive proof of the receipt of the proceeds thereof by the executor.

■■ Was the evidence sufficient to support the finding of the court that the executor had accounted for all of the funds that had come into his hands? The will of William Maxwell, deceased, provided as follows:

"2. All the property that myself and wife own in our community property, one half belonging to myself and the other half to my wife Mollie Maxwell; And I wish and so will, devise and bequeath all my interest in our community property, and all property I possess and own to my wife Mollie Maxwell to be owned and used by her and the rents, profits and revenues thereof to be used by her for her support, maintenance, comfort, and care during the period of her natural life.

"3. Whatever may remain of my property above willed to my wife Mollie Maxwell and unused by her during her life and that may be on hand at her death, I will devise and bequeath to each in equal proportion and part to my brothers, John Maxwell, James Maxwell, Daniel Maxwell, and my sisters Betsy Ralls, Mag Herring, Mary Carr, and my nephew W. T. Bolding; and if either of said parties should die before I do then the part of each party shall be in equal part to his heirs."

By the terms of this will the executor was to use said property and the rents and revenues therefrom for the support of Mrs. Mollie Maxwell during her lifetime. She lived for about twelve years after the death of her husband. She was an invalid during all of this time. Considerable money was expended by the executor in providing her with doctors, nurses, medicine, and other necessities of life. The record shows that during the latter part of her life the income from the property was not sufficient to support her and to provide the necessary upkeep for the property. The executor expended $6,000 in repairing one of the business houses belonging to the estate. Other buildings were repaired from time to time. These repair bills were more than sufficient to consume the entire amount of cash

on hand at the time the executor qualified, together with the money collected on the notes belonging to the estate. The taxes and insurance premiums on the property were heavy. These items of expense were paid by the executor. We think the heirs of the executor have therefore satisfactorily accounted for the funds shown to have come into his hands.

The trial court, in passing on the question as to whether or not the heirs of the deceased executor had satisfactorily accounted for all of the funds that had come into his hands, had the right to take into consideration all of the surrounding facts and circumstances. The testator had reposed absolute confidence in, the executor and had provided that the executor should act independent of the probate court and that he should not be required to make a report to that court. The evidence shows that the executor was a man of unquestionable honor and integrity. He administered the estate for ten years, during the life of Mrs. Mollie Maxwell, the life tenant. She never made any complaint of the manner in which he handled the estate. The appellants alleged that the estate of said executor was insolvent at the time of his death, and have thus dispelled any presumption of fraud that might have arisen from a sudden enhancement of his own estate. The first complaint of his having failed to keep a proper account of the manner in which he had handled said estate arose approximately five years after his death. It is not surprising, therefore, that his heirs were unable to give a detailed report of each item of cash received and disbursed by him. We think the finding of the trial court that the executor did not appropriate any of said funds to his own use and benefit and that all of such funds so coming into his hands were used for the support of Mrs. Mollie Maxwell and in the maintenance of the property are amply supported by the evidence.

Finding no error in the record, the judgment of the trial court is in all things affirmed.