LAURANA PARKER V. S. A. CHANCELLOR ET AL.

No. 6349.

1. **Ancient Instrument—Affidavit of Forgery.**—An instrument produced from the proper custody and over thirty years old, being such that if genuine it would transfer the property affected by it, is admissible as an ancient instrument. Its competency is not affected by an adverse affidavit of forgery. With or without such affidavit any· proper evidence may be introduced to contest its validity.

2. **Same—Married Women.**—An instrument regular in form as a deed for land, and made by a married woman but not executed as required by statute by privy examination and acknowledgment, is not the deed of such woman, and age does not give· it validity.

3. **Partition—Parties.**—All parties interested as part owners of a tract of land. are necessary parties in a suit for a partition of it.

4. **Depositions of Party Taken by Adverse Party.**—It is not sufficient ground for suppressing the depositions of a party taken without notice by the adverse party that counsel for the party taking the testimony was present and aided the notary taking the answers by reading the interrogatories, nor is such witness entitled to time for preparation or to get advice about her answers.

5. **Construction of Deed—Land Measure Judicially Known.**—A deed was produced in evidence by defendant who was shown to have been the owner of one-fourth of two-thirds of a league and labor of the David Odum headright conveying "three hundred acres of land of the remaining interest that I hold in the David Odum headright." There was no other testimony to the number of acres in the tract. *Held,* error to instruct the jury that such deed conveyed the entire interest of the grantor in the tract of land. The court judicially knows the acreage in a two-thirds league and labor.

6. **Limitation in Tenancy in Common.**—Title in land held by tenants in common may be acquired by adverse possession, etc., in separate parcels of a large tract. A plaintiff seeking partition in the adjustment of the equities may become entitled to have his share allotted out of such part as may not have been acquired in severalty by limitation.

APPEAL from Tarrant.  Tried below before Hon. R. E. Beckham.
The opinion states the case.

*Jas. C. Scott,* for appellant. — 1.   The examination of a party as a witness shall be conducted by the same rules that apply to the examination of other witnesses, and that law excludes counsel from the examination of a witness under a commission.   Rev. Stats., art. 2239; Week's Law of Dep., sec. 486.

2.   A denial under oath of the execution of Laurana Parker to Richard Odum, as well as plaintiff's testimony denying its execution, necessitated some evidence on the part of defendants of its genuineness or execution.   Rev. Stats., art. 2257; Powell v. Haley, 28 Texas, 55; Willis v. Lewis, 28 Texas, ·187;  Young v. Gilbeau, 3 Wall., 637–640;  Hobby's Land Law, sec. 1647; Renn v. Samos, 33 Texas, 763, 764.

3.   The conveyance of Laurana Parker to Richard Odum is not such an instrument as can be included in the class of ancient instruments or as can prove itself by age in the face of an affidavit of forgery.   Rev.

Stats., arts. 554, 4314; Pasch. Dig., arts. 297, 5008; Meegan v. Boyle, 19 How., 149, 150; Lessees of Clark v. Courtney et al., 5 Pet., 344, 345.

4. The two conveyances of W. N. and Mary Williams and Richard Odum and Youngblood and his wife Martha are not of a class to be entitled to prove themselves by thirty years of age. Hart. Dig., art. 174; Pasch. Dig., art. 1003.

5. A written conveyance should be limited to what it conveys on its face, and parties are required to take notice thereof. Peters v. Clements, 46 Texas, 114; Robertson v. Gueren, 50 Texas, 317; Gaston & Thomas v. Dashiel, 55 Texas, 516, 517; Hobby's Land Law, sec. 1652; Shepherd v. White, 11 Texas, 358; San Antonio v. Lewis, 9 Texas, 71.

6. Before limitation can begin to operate between joint owners or joint tenants notice of a hostile adverse claim and possession must be conveyed to the other joint owner. Mast v. Tibbles, 60 Texas, 304; Merrill v. Roberts, 64 Texas, 444; Rev. Stats., art. 3193.

*Oliver S. Kennedy*, for appellees, on motion for rehearing.—The sale of the unlocated land certificate was not within the statute of frauds, and it was not necessary that it should be in writing, but a sale, payment of the purchase money, and the delivery of the certificate passed the title. Randon v. Barton, 4 Texas, 293; Cox. v. Bray, 28 Texas, 261; Johnson v. Newman, 43 Texas, 628; Watkins v. Gilkerson, 10 Texas, 340; Simpson v. Chapman, 45 Texas, 561; Porter v. Burnett, 60 Texas, 222; Parker v. Spencer, 61 Texas, 164.

A parol partition of a land certificate between several entitled to an interest therein, which determined the interest of each, which was acted on by them, recognized conveyances made in pursuance thereof and possession taken, is binding on the parties to such partition. Parker v. Spencer, 61 Texas, 165; Johnson v. Johnson, 65 Texas, 88.

Chancellor, as an innocent purchaser, would not be affected by the fraud of Richard Odum and Martha Youngblood practiced upon their sister Laurana Parker, if any was practiced, because she was no party to it and knew nothing about it. Pierson v. Tom, 1 Texas, 577; Shearon v. Henderson, 38 Texas, 245.

Even if the sale of the certificate before location were within the statute of frauds, yet the payment of the purchase money, the location of the certificate, the procurement of the patent, and the possession and improvement of the land by Chancellor and her vendees under the sale are facts constituting a sufficient equity to entitle appellees to a decree of title. Box v. Bray, 28 Texas, 261; Dugan v. Colville, 8 Texas, 128; Taylor v. Ashley, 15 Texas, 52.

Admitting that the transfers of the owners of the certificate were required to be in writing and that the acknowledgments were so defective as that no title passed, still they are valid as a contract upon which a de-

cree for title may be based, all the purchase money having been paid, possession taken and held continuously for thirty-four years, and permanent and valuable improvements having been made by Chancellor and her vendees. Rev. Stats., art. 561, p. 94; Johnson v. Johnson, 65 Texas, 88; Johnson v. Bowden, 37 Texas, 621; Schrimpf v. Settegast, 38 Texas, 96; Robinson v. Davenport, 40 Texas, 333; Zabel v. Shrœder, 35 Texas, 308; Fisk v. Miller, 13 Texas, 224; Ottenhouse v. Burleson, 11 Texas, 87; Dugan v. Colville, 8 Texas, 126.

The transfers of Mary Williams and Martha Youngblood—if required to be in writing, which they were not, were each witnessed—would be good as receipts and we believe as contracts, and if either would be admissible in evidence as ancient instruments. Watrous v. McGrew, 16 Texas, 513; Mapes v. Leal's Heirs, 27 Texas, 349; Stroud v. Springfield, 28 Texas, 662; Johnson v. Timmons, 50 Texas, 534.

A bill for partition should set out the title of defendants as well as of plaintiffs, and it must appear that the parties to the suit are, among them, entitled to the entire estate. The basis for partition is co-ownership, and while it is absolutely indispensable to have all parties who own an interest in the lands, yet parties who own no interest in it are not necessary or proper parties. Ship Canal Co. v. Bruly, 45 Texas, 6; Davis v. Agnew, 67 Texas, 213.

Thirty-four years elapsed between the deed of gift of David Odum to his four children, the presumed parol partition of the property conveyed thereby, the sale and delivery of the certificate by them to one another and to Chancellor, and the institution of this suit. If appellant ever had any interest in said certificate after the sale to Richard Odum and to Chancellor, which she had not, still she has slept too long upon her rights and would not at this date be heard to assert them. Carlisle v. Hart, 27 Texas, 354; Hines v. Thorn, 57 Texas, 104; Barrett v. Kelley, 31 Texas, 480; Johnson v. Newman, 43 Texas, 642; Lewis v. Cole, 60 Texas, 344; Parker v. Spencer, 61 Texas, 165.

Chancellor owning this land subject to the claim of Laurana Parker, if in fact she had any, which she did not, and having sold it in different parcels at different times to the different appellees to this suit and those under whom they claim, the lands in their hands are to be applied in satisfaction of this claim, if at all, in the inverse order of the purchases and transfers. Wailer v. Stanley, 13 Am. Dec., 694; Gill v. Lyon, 1 Johns. Ch., 440; Guy v. Knapp, 6 Paige, 35; Barnes v. Mott, 64 N. Y., 396–402; Allen v. Clark, 17 Pickering, 54; Chase v. Woodbury, 6 Cush., 143; Pike v. Goodnow, 12 Allen, 474; Lyman v. Lyman, 32 Vermont, 79; Com. Bank v. W. Re. Bank, 11 Ohio, 444; Holden v. Pike, 24 Me., 427; Wikoff v. Davis, 3 Green Ch., 124; Cleves v. Dickinson, 5 Johns. Ch., 235; James v. Hubbard, 1 Paige, 228; Governor v.

Lynch, 2 Paige, 300; Skeel v. Sprader, 8 Paige, 128; Green v. Ramage, 18 Ohio, 428; Story's Eq. Jur., sec. 1233a.

The Supreme Court can and will affirm as to part of the appellees and reverse and remand the case as to the others if a reversal shall be deemed necessary for any purpose, as the facts clearly show beyond controversy that nearly all of the appellees have good titles in law, and we believe all have.   Burke v. Cruger & Moore, 8 Texas, 66; Houston v. Ward, 8 Texas, 124; Bayless v. Daniel, 8 Texas, 140.

HENRY, ASSOCIATE JUSTICE.—Laurana Parker, the appellant, instituted this suit to try title and for partition of the David Odum two-thirds league and labor survey in Tarrant County.   Plaintiff asserted title to a one-fourth undivided interest.

Defendants pleaded not guilty and the statutes of limitation of three, five, and ten years.

In the year 1844 David Odum conveyed the certificate equally to his four children, Richard, Laurana, Mary, and Martha.

On the third day of March, 1851, appellant, by the name of Laurana Parker, acting as a *feme sole,* for a valuable consideration, made to her brother Richard Odum a deed in which the land conveyed was described as "three hundred acres of land of the remaining interest that I hold in David Odum's headright."

On the 23d day of August, 1850, the daughter Mary, by the name of Mary Williams, joined by her husband William N. Williams, it is claimed signed a deed conveying to the said Richard Odum all of the interest of said Mary in said certificate.

On the 17th day of September, 1851, it is claimed that the said Martha, by the name of Martha Youngblood, joined by her husband Richard Youngblood, conveyed to E. M. Chancellor all of the interest of the said Martha in said certificate, and by the same conveyance the said Richard Odum conveyed to the said E. M. Chancellor all of his interest in said certificate, including the interests purchased from his sisters.

The defendants in this suit hold under the Chancellor title.

The foregoing deeds were all proved to have been delivered at the dates of their execution and to have remained in the hands of the vendees, and were produced at the trial by defendants, in whose custody they then were.   None of them were entitled to be read in evidence as recorded instruments and none of them were proved at the trial.   Over the objections of plaintiff they were all allowed to be read in evidence as ancient instruments.

There is no evidence in the record that plaintiff was a married woman when she executed her conveyance, and we think her deeds, as well as her brother Richard's, were properly admitted as ancient instruments.   The

attorney of appellant had filed an affidavit that he believed the deed of Laurana Parker was a forgery.

Such an affidavit can not in anywise control or affect the admissibility of an ancient instrument. With or without such an affidavit any proper evidence may be introduced to contest its validity.

The two papers offered as the deeds of the married women had not been privily acknowledged by either of them as required by our statutes, were not, therefore, their deeds at all, and consequently were not admissible as ancient instruments or otherwise.

So far as the issue of title is concerned we think the error of admitting as ancient instruments the papers purporting to be the deeds of the two married women was immaterial, as the plaintiff only claims an undivided one-fourth interest in the land, and these deeds do not affect that.

On the issue of partition, as it is necessary for that to be made between all of the real owners of the land, it would have been material error for them to have been admitted if the plaintiff had so framed her own pleadings as to entitle her to have or to enable the court to render a decree of partition.

If on another trial of this cause a partition of the land as well as the recovery of an interest in it is sought by the plaintiff, the pleadings ought to be made to conform to our statute on that subject, and the question as to whether it will be material error to admit said papers will have to be controlled by the issues as then made. They can in no case properly be admitted as conveyances of the married women.

The depositions of the plaintiff were taken, twice at her own instance and once by the defendants, under our statute without previous notice. One of the attorneys of the defendants and one of their agents were present when this deposition was taken, and the attorney participated in the work by reading the questions while the officer wrote down the answers.

Plaintiff moved to suppress this deposition on the ground that an undue advantage was taken of her by taking it without previous notice to her or her attorney, and because the agent and attorney of defendants were present and aiding in taking the deposition.

While we do not think the attendance of attorneys for one of the parties and participation to any extent in the taking of the deposition is necessary, as the questions are required to be in writing, we do not think the mere presence of the attorney or agent or the reading of the written questions by the attorney any ground for suppressing the deposition.

The depositions of the plaintiff, her daughter, and the officer who executed the commission were subsequently taken and show that the answers of the witness were taken as she gave them, and nothing is shown to indicate that they were to any extent influenced or affected by the presence of the attorney or agent. Our statute expressly dispensing with notice in such cases, there was no necessity for the witness to be given time for

preparation or to get advice about her answers. There was no error in overruling the motion to quash the deposition.

The court charged the jury that "If you believe from the evidence that the transfer read in evidence, dated the 3rd day of March, 1851, and purporting to have been signed by Laurana Parker, was in fact signed and delivered by her to Richard Odum, then said transfer would convey the interest of said Laurana Parker therein mentioned, and you should, if you so believe, find for the defendants."

The jury did find all of the land for defendants.

There is no evidence of the actual number of acres in this survey, but the court judicially knows that a league and labor contains four thousand six hundred and five acres. This survey must contain according to that measurement three thousand one hundred and seventy acres. Plaintiff's equal one-fourth interest conveyed to her by her father is seven hundred and ninety-two and one-half acres, while her deed only conveyed three hundred acres, leaving unconveyed four hundred and ninety-two and a half acres. It was error to charge the jury to find against plaintiff by reason of the conveyance of three hundred acres out of the seven hundred and ninety-two and a half acres owned by her, without evidence that for some cause this survey contains less than its proper quantity. Notwithstanding this error the cause would not be reversed if the record showed that the defendants had acquired title to all the tract through the statutes of limitations. The record shows that title to parts of it have been acquired by limitation.

The case as now presented indicates that there may be enough of the tract unaffected by limitation to make the quantity that appellant still holds title for, and that in the adjustment of the law and equities of the different owners, under proper pleadings, her land can be allotted to her out of those parts of the tract not held by limitation.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered April 12, 1889.