Sam Maverick et al. v. Julia A. Burney et al.

No. 323.

1. Parties—Partition—Motion for a New Trial.

It being shown to the trial court, in a partition suit, by motion filed more than two days after the trial, but at same term, that others, naming them, had purchased parts of the land from one of the tenants in common, and were in possession, the court should have granted a new trial, and the refusal was ground for reversal........ .................................. 561

2. Deed by Tenant in Common to Specific Part.

The deed of a tenant in common to a specific part of the land held in common by him with others is good as between the parties, and is voidable only by the cotenants of the grantor, and not by them except in so far as it may affect their rights........................................... 561

3. Parties in Partition Suits.

Purchasers of specific parts of the estate from one or more tenants in common are proper and necessary parties in a suit for the partition. The rights of such purchasers must be protected, so far as can be, without injury to the other tenants in common ....................................... 561

4. Pleadings—Partition.

The petition should show that the parties plaintiff and defendant are entitled to the entire estate sought to be partitioned, but it need not allege the specific shares of the defendants.................................. 562

Error to Court of Civil Appeals for Fourth District, in an appeal from Bexar County. Chief Justice James not sitting.

The facts are given in the opinion.

*Perry J. Lewis*, for plaintiffs in error.—In a suit for partition, all parties who have an interest in the property are necessary parties, and without them there can be no valid partition. Ship Channel Co. v. Bruly, 45 Texas, 6; Parker v. Chancellor, 73 Texas, 479; Halloway v. McIlhenny Co., 77 Texas, 659.

*Wright & Summerlin*, for defendants in error.

GAINES, Chief Justice.—This was an action of trespass to try title, brought by Lenora Mitchell, a feme sole, and by Ella Mauerman and Julia A. Burney, who were married women, and were joined by their husbands, to recover of Sam Maverick and Reagan Houston undivided interests in a tract of land consisting of 475 acres, and for partition. The petition alleged, that the real parties plaintiff owned each an undivided one-fourth interest in the premises in controversy, but did not allege the interest held by the defendants. As the result of the trial, the court adjudged that Ella Mauerman and Lenora Mitchell were each entitled to recover one-fourth of the land, and that defendants were entitled to the other half, and ordered partition. Julia A. Burney was held barred by limitation, which was pleaded by defendants, and she recovered nothing. More than two days after the

trial, but before the court had adjourned for the term, the defendants filed a motion for a new trial, in which, among other things, it was alleged, in effect, that defendant Maverick, before the institution of this suit, had conveyed to several different persons several parcels of the land, and that they had taken possession and placed their deeds upon record. The names of the several grantees were given in the motion, together with the dates of the execution and of the filing for record of their respective conveyances. The motion was supported by the affidavit of defendant Maverick, and was not controverted by counteraffidavit or otherwise.

We are of the opinion that the court should have granted the motion for a new trial, in order that Maverick's grantees might be made parties to the suit. It is held in many jurisdictions, that the deed of a tenant in common to a specific parcel of the land held in common by him with others is absolutely void. But it is settled in this court, by a long line of decisions, that such a deed is good as between the parties, and is voidable only by the cotenants of the grantor, and not by them except in so far as it may affect their rights. Arnold v. Cauble, 49 Texas, 527; March v. Huyter, 50 Texas, 243; Fitch v. Boyer, 51 Texas, 336; Camoron v. Thurmond, 56 Texas, 22; Rutherford v. Stamper, 60 Texas, 447. In Camoron v. Thurmond, in speaking of a conveyance of the character in question, the court say: "There is no room to doubt that by Clarinda's deed to Orlena she not only acquired all her actual undivided interest, but that on partition, if not prejudicial to the interests of the other cotenants, all the land conveyed to her would be set apart to her." If the parcel of land conveyed by a tenant in common can be set apart to his grantee, it must be done. It is clear, therefore, that he has a vital interest in the proceedings for partition. "He is more deeply interested in the partition than are any of the tenants in common of the entire tract. It matters little to them where their respective properties may be located. But with the grantee of a special location, it is all-important that such a division may be made as will allow his deed to become operative. He is entitled to the consideration of the court, and will, whenever his claims are known to the court, be protected, as far as possible, without doing injustice to the cotenants of the whole tract. He has therefore been regarded as a proper party defendant, even in States where his conveyance has been spoken of as void against the cotenant of his grantor. In such States, the making of such a grantee a party defendant may perhaps be required by the courts rather by reason of their desire to do complete justice than as a matter of absolute right; but in States where his conveyance is regarded as valid, and as investing him with all the rights and interests which his grantor had in the tract conveyed, his right to be a party defendant is as absolute as that of a cotenant of the whole tract." Freem. on Coten. and Part., sec. 465, citing Gates v. Salmon, 35 Cal., 588; Sutter v. San Francisco, 36 Cal., 115.

It is well settled in this court, that whenever in course of a partition suit it is disclosed that all who have an interest in the property to be divided are not parties, it is the duty of the court to arrest the proceedings until they are made parties, and this should be done at any stage of the case. Ship Channel Co. v. Bruly, 45 Texas, 6; Parker v. Chancellor, 73 Texas, 479; Holloway v. McIlhenny, 77 Texas, 659. In this case, it is true, the fact that there were persons having an interest who were not before the court was not brought to the attention of the court until after the judgment was rendered; but the term had not then expired, and the judgment was under the control of the court. In the case last cited, the objection was not made until there was an attempt to amend the judgment at a subsequent term.

For the error of the court in overruling the motion for a new trial, the judgment must be reversed. The other questions presented are not likely to arise upon another trial, and need not be considered.

The fourth assignment of error in the Court of Civil Appeals, calls in question the sufficiency of the petition. It is alleged in the petition, that the plaintiffs are each the owners of an undivided one-fourth interest in the premises in controversy; and it is also averred, that they and the defendants were on a day previous to the institution of the suit in possession of the land as joint owners, and that afterwards the defendants unlawfully dispossessed the plaintiffs, etc. The petition should show that the parties plaintiff and defendant are entitled to the entire estate (Ship Channel Co. v. Bruly, supra); but need not allege the specific shares of the defendants. Glasscock v. Hughes, 55 Texas, 461. If it had been alleged, that the defendants were the owners of the other one-fourth interest, it would have been sufficient. Whether the reasonable intendment from the allegations that they were in possession as joint owners, and that the plaintiffs owned three-fourths, should be that defendants owned the other fourth, we need not determine. The doubt upon that question may be avoided by an amendment to the petition.

The judgment is reversed, and the cause remanded.