LASATER et al. v. RAMIREZ et. al.
(No. 67-2820.)

(Commission of Appeals of Texas, Section A.
June 11, 1919.)

1. TENANCY IN COMMON ⬦⟹45 — DEED FROM
SINGLE TENANT—VALIDITY AND EFFECT.

A ·deed from one tenant in common to a
specific part of the common property will be
recognized and the purchaser thereof protected
by setting apart to him the specific part so
conveyed, if this can be done without prejudice
to the other owners.

2. TENANCY IN COMMON ⬦⟹45 — DEED FROM
SINGLE TENANT—RIGHTS OF PURCHASERS.

The right of a purchaser from one tenant
in common to a specific tract conveyed to him
does not depend upon the nonjoining tenants'
assent to or recognition of the sale, nor is it
created through estoppel, but is conditioned
solely upon whether its enforcement would
prejudice the other owners.

3. TENANCY IN COMMON ⬦⟹45—DEED BY SIN-
GLE TENANT — RIGHTS OF PURCHASERS —
PREJUDICE TO NONJOINING TENANTS.

Where one tenant in common has conveyed
a specific part of the common property and
there remains a sufficient estate out of which
the interests of the nonjoining tenants can be
satisfied, the remaining acreage being exactly
the same in kind and value as the tract sold,
the nonjoining tenants cannot be prejudiced,
and the right of the purchaser should be en-
forced. .

4. TENANCY IN COMMON ⬦⟹45—CONVEYANCE
BY SINGLE TENANT—RIGHTS OF PURCHAS-
ERS—EFFECT OF INCOMPETENCY OF NONJOIN-
ING TENANT.

Since the right of a purchaser of a specific
portion of lands held in common from one of
the tenants does not depend upon their as-
sent or upon estoppel, it is immaterial that a
nonjoining tenant against whom it is sought
to enforce the right is mentally incompetent, or
that an estoppel cannot arise from his conduct,
where his rights will not be prejudiced by the
sale.

5. PARTITION ⬦⟹9(1)—TENANCY IN COMMON—
VALIDITY AS AGAINST INCOMPETENT TEN-
ANT.

Where certain tenants in common conveyed
a specific portion of common property and one
of the nonjoining tenants was non compos men-
tis, a private partition of the unsold portion
of the common property among all the tenants
equally was not binding upon the incompetent
tenant, since he should have received an equal
share of the entire tract, and not merely of
the unsold portion.

Error to Court of Civil Appeals of Fourth
Supreme Judicial District.

Action in trespass to try title and for
partition by Maria Ramirez and others
against Ed C. Lasater and others. Judg-
ment for defendants was affirmed by the
Court of Civil Appeals as to two of the plain-
tiffs and reversed as to the third (174 S. W.
706), and defendants bring error. Reversed
and judgment of the district court affirmed
in part and reversed in part, as recommend-
ed by the Commission of Appeals.

Dougherty & Dougherty, of Beeville, for
plaintiffs in error.

S. H. Woods, of Alice, and T. O. Woldert,
of Houston, for defendants in error.

SONFIELD, P. J. Action in trespass to
try title, and for partition, brought by Maria
Ramirez and others, plaintiffs, against Ed
C. Lasater and others, defendants.

The following are the material facts as
agreed upon between the parties and found
by the court: In June, 1894, Jose Ramirez,
who owned in fee simple as his separate
estate 3,824.98 acres of land out of the San
Pedro de Charco Redondo grant in Duval
county, mortgaged 2,500 acres of this land
to secure a note in the sum of $2,500. Jose
Ramirez died intestate in August, 1894, with-
out having disposed of the 3,824.98 acres, of
which 2,500 acres continued subject to the
mortgage, and left surviving him a wife
and 11 children. On or about July 9, 1898,
the surviving wife and 8 of the children
executed a warranty deed, conveying to
Francis Smith, the holder and owner of the
above-mentioned note and mortgage, a spe-
cific 2,500 acres out of the 3,824.98-acre tract,
describing the same by metes and bounds.
The consideration for the conveyance was
the surrender and liquidation of the note,
which consideration was the reasonable mar-
ket value of the land at that time. In
March, 1899, Smith conveyed the 2,500-acre
tract to Ed C. Lasater by deed with cove-
nants of special warranty. Lasater went. in-
to immediate possession, and fenced and im
proved the tract. Subsequently Lasater con-
veyed a specific tract of 1,200 acres of said
2,500 acres to defendants Jose Guerra, Eme-
terio Guerra, Antonio Guerra, Francisco
Guerra, Zaragosa Guerra, and Rafael Guer-
ra; and 400 acres of the remainder thereof,
described by metes and bounds, to defend-
ant Manuel Pinada and wife. All the ven-
dees went into immediate possession of the
respective tracts purchased, making valuable
improvements thereon; and defendant Las-
ater continued in possession of the remain-
ing 900 acres. The whole 3,824.98 acres were
of exactly the same kind, character, and
value, acre for acre, and the 2,500 acres
were of the same kind, character, and value,
acre for acre, with the 1,324.98 acres re-
maining unsold. The only difference in the
value of the land resulted from the improve-
ments placed thereon by defendants.

Plaintiffs Maria Ramirez, Rafael Ramirez,
and Cesario Ramirez were the 3 of said

⬦⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

11 children that did not join in the conveyance of the 2,500-acre tract to Smith. They seek herein to recover three-elevenths of said tract, and for partition thereof. It is alleged that Cesario Ramirez is non compos mentis, and the suit is prosecuted by his next friend, Maria Ramirez.

After the filing of the suit, plaintiffs and the 8 other children, heirs of Jose Ramirez, who had been made defendants in the case, without the knowledge or consent of the court or of the other defendants, made a partition of the 1,324.98 acres remaining, dividing same up in equal parts, each taking one-eleventh thereof. It was admitted that this partition was effected for the purpose of making it impossible for plaintiffs to recover their interests out of the 1,324.98 acres, and to enable them to recover same out of the 2,500-acre tract. By supplemental petition, plaintiffs alleged that the parties to said petition had received and accepted their respective shares under said partition and prayed its confirmation.

On the trial, the plaintiffs, through their attorney, on suggestion by the court that they should recover their interest out of the 1,324.98-acre tract, which was ample for that purpose, stated in open court that they declined to have their interests set apart to them out of that tract, and insisted on a confirmation of the partition made.

The trial court rendered judgment for defendants, quieting them in their title to and possession of the 2,500-acre tract, and confirmed the partition as prayed for.

On appeal, the Court of Civil Appeals affirmed the judgment of the trial court as to Maria and Rafael Ramirez. As to Cesario Ramirez, the judgment of the trial court was reversed, and judgment rendered awarding him one-eleventh of the 2,500-acre tract, on the ground that, being non compos mentis, the sale by some of the tenants in common was not binding on him, and that no estoppel could be invoked against him. 174 S. W. 706.

[1] It is well settled in this state that a deed from one tenant in common to a specific part of the common property will be recognized, and the purchaser thereof protected, by setting apart to him the specific part so conveyed, if this can be done without prejudice to the other owners. Arnold v. Cauble, 49 Tex. 527; Camoron v. Thurmond, 56 Tex. 22; Furrh v. Winston, 66 Tex. 521; Maverick v. Burney, 88 Tex. 560, 32 S. W. 512. This rule was recognized by the Court of Civil Appeals, and, under the undisputed facts and the findings of the court, held applicable to plaintiffs other than Cesario Ramirez.

The question presented is: Is the authority of the court to protect the defendants, by setting apart to them the specific 2,500 acres, affected by reason of the disability of Cesario Ramirez?

[2-4] The right of a purchaser from one tenant in common to the specific tract conveyed to him does not depend, and is not based upon, the nonjoining tenants' assent to, acquiescence in, or recognition of, the sale; nor is it created through estoppel. The right exists independent of any act or conduct on the part of the nonjoining tenants, and is conditioned solely upon the question whether its enforcement would prejudice or injuriously affect the other owners. Where, as in this case, there remains a sufficient estate out of which the interests of such nonjoining tenants can be satisfied, the remaining acreage being exactly the same in kind and character, and of the same value, acre for acre, as the tract sold, there can be no prejudice, and the right exists and should be enforced. As the right does not depend upon assent, acquiescence, ratification, or estoppel, it is immaterial that the one against whom it is sought to be enforced is incapable of mental decision, and that an estoppel cannot arise from his conduct. If the sale and the attendant right to the specific tract was without prejudice to Maria and Rafael Ramirez, sane, in what manner could it be prejudicial to Cesario Ramirez, insane? His rights in this respect are precisely the same, regardless of his mental state. He is entitled to an interest of one-eleventh in the whole, approximately 348 acres. His interest is in the tract in its entirety. If, however, from the unsold portions of the land his interest can be equitably adjusted, the court will protect defendants by setting apart to them their specific tracts. Such protection is predicated upon a recognition of the equities of the respective parties, unaffected by the mental incapacity of one of the cotenants.

[5] The trial court confirmed the partition of November, 1908, whereby the remaining 1,324.98 acres were partitioned equally between the 11 children and heirs of Jose Ramirez, including the 8 who were grantors in the deed to Smith conveying the 2,500 acres. The Court of Civil Appeals affirmed this part of the judgment. Cesario Ramirez, being, as found by the Court of Civil Appeals, non compos mentis, was not bound by the partition or the deed evidencing the same, and in said partition he should have received an interest equal to one-eleventh of the entire 3,824.98 acres. To award defendants the 2,500 acres, and confirm the partition of November, 1908, would be to deny him a part of his interest in the land.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and the judgment of the district court in all things affirmed, except the confirmation of the partition of November, 1908; and as to this, the judgment of the district court should be reversed, and the cause remanded.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes