**GOSCH et ux. v. VRONA.    (No. 7955.)**

(Court of Civil Appeals of Texas. Galveston. Dec. 21, 1920.)

Tenancy in common ⬤➝45—Right to appropriate and convey specific part does not depend upon agreement of co-owners.

The right of one cotenant to appropriate or convey specific part of common property does not depend upon agreement or assent of his co-owners, but is conditioned solely upon the right being exercised without prejudice or injury to co-owners, and, having been so exercised, the grantee is entitled upon partition to have such specific part.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Suit by Chalmers Gosch and wife against J. Vrona. A motion by plaintiffs to set aside a portion of the judgment and to render judgment for them was overruled, and they appealed. Reversed and rendered in part, and affirmed in part.

John T. Duncan, of La Grange, for appellants.

C. D. Krause and L. D. Brown, both of La Grange, for appellee.

PLEASANTS, C. J. This controversy involves the title and possession of a tract of 63.71 acres of land, a part of subdivision No. 3 of the James Robertson league in Fayette county. The suit was brought by the appellants, Chalmers Gosch and his wife, Alma Gosch, against the appellee to recover title and possession of the 63.71 acres, and to enjoin appellee from interfering with their possession, and also to recover of appellee the reasonable rental value of said tract for three years, during which it is alleged appellee wrongfully and unlawfully excluded appellants from the possession of the property. The plaintiffs pleaded their title and pleaded in the alternative that, if it be found they were not entitled to the specific tract claimed by them, they recover an undivided interest in a tract of about 104 acres in which they and defendant were alleged to be cotenants, and that commissioners be appointed to partition said land.

The defendant, in addition to numerous exceptions and pleas, specially denied all the material allegations of plaintiff's petition.

The pleadings of the parties are various and voluminous, but the above is deemed, for the purpose of this opinion, a sufficient statement of their contents.

The cause was tried with a jury in the court below, and upon the findings of the jury upon special issues submitted to them by the court and findings of fact by the court judgment was rendered in favor of plaintiffs for an undivided interest in the tract of 104.03 acres described in the petition, the interest adjudged to plaintiffs being an equal 66.90 acres, the remaining 37.13 acres being adjudged to the defendant. Commissioners were appointed to partition the land and directed to set aside to each the number of acres above stated of equal value, and giving to each of the parties the improvements placed by them on the land, the value of the im-

provements not to be considered in estimating the value of the land partitioned, and the land to be so partitioned, if it could be equitably so divided, that the portions set apart to each party would include the improvements placed by him thereon, and, if it could not be so justly divided, the value of the improvements might be considered in fixing the value of each allotted portion.

It was further adjudged that the plaintiffs recover of the defendant the sum of $90, the value of the rent of their portion of the land from which they were found by the jury to have been excluded by the defendant.

A temporary injunction which had been granted pending the final trial of the cause restraining the defendant from interfering with the plaintiffs in entering upon the undivided tract of land was perpetuated.

The costs of the injunction proceedings were adjudicated against the defendant, and the balance of the costs of the suit against the plaintiffs.

The following facts are shown by recitals in the judgment and the findings of the jury upon special issues:

The land in controversy was conveyed to plaintiffs by Clarence and Winston Gosch by deed which described the 63.71 acres by metes and bounds. Prior to this conveyance Clarence and Winston Gosch, in a suit brought by them against the defendant herein, had been adjudged the owners of the undivided interest in the 104-acre tract of land which the court in the judgment in this case finds to be an undivided 66.90 acres, and before they executed the deed to plaintiffs they had the 104-acre tract surveyed and cut off for the defendant's portion about 38 acres of land, including his improvements. The remaining portion they claimed for themselves and conveyed to plaintiffs, as aforesaid by metes and bounds.

In response to special issues submitted to them by the court, the jury found that the partition of the land by Clarence and Winston Gosch, by which they appropriated to themselves the west end of the tract which they conveyed to plaintiffs, leaving the east end of the tract to the defendant, J. Vrona, was a fair and equitable partition of said land, giving to said Vrona his interest in the land plus the value of the improvements placed thereon by him. They further found that this partition was not acquiesced in or agreed to by the defendant, and that prior to and after said partition, up to the time of the issuance of the temporary injunction herein, the defendant had excluded plaintiffs and their said vendors from the use of any

portion of the land and had occupied and used all of the land for his own benefit. The value of the use by the defendant of plaintiffs' portion of the land was found to be $90.

The other findings of the jury were against defendant on counterclaims for damages set up by him, and need not be set out, as the defendant has not appealed from the judgment nor presented any cross-assignment attacking the findings of the jury or the judgment of the court.

After the rendition of the judgment in the court below plaintiffs in due time filed a motion asking the court to set aside that portion of the judgment appointing commissioners of partition and ordering a partition of the land, and to render judgment for the plaintiffs upon the findings of the jury for the tract of 63.71 acres of land claimed by them. The court overruled this motion, to which ruling the plaintiffs excepted and gave notice of appeal.

The first assignment of error presented in appellants' brief complains of this ruling. The assignment must be sustained. The right of one cotenant to appropriate or convey a specific part of the common property does not depend upon the agreement or assent of his co-owners, but is independent of such agreement or acquiescence, and conditioned solely upon the right being exercised without prejudice or injury to the rights of co-owners. The jury in this case having found in effect that the division of land made by plaintiffs' vendors was fair and just and did not prejudice any right of the defendant, plaintiffs were entitled to have the specific portion conveyed to them set aside to them by the judgment of the court. Such being the findings of the jury, the appointment of commissioners of partition and the ordering of a new partition was unnecessary and unauthorized. Arnold v. Cauble, 49 Tex. 527; Camoron v. Thurmond, 56 Tex. 22; Furrh v. Winston, 66 Tex. 521, 1 S. W. 527; Maverick v. Burney, 88 Tex. 560, 32 S. W. 512; Lasater v. Ramirez (Com. App.) 212 S. W. 936.

That portion of the judgment of the trial court adjudging appellants only entitled to recover an undivided interest in the 104-acre tract of land and appointing a commission of partition and directing a partition of the land is reversed, and judgment is here rendered in favor of plaintiffs for the 63.71 acres of land described in their petition, and for all costs both of this court and the court below. The remainder of the judgment below is undisturbed.

Reversed and rendered in part.

Affirmed in part.