**BROWN et al. v. BROWN et al.    (No. 8039.)**

(Court of Civil Appeals of Texas. Galveston. April 8, 1921. Rehearing Denied April 28, 1921.)

**1. Infants ⬅➡77—Minor may sue by next friend.**

The right of a minor to sue by next friend cannot be questioned.

**2. Infants ⬅➡78(1)—Appointment of guardian ad litem for infant in friendly partition suit held proper.**

Where the adult beneficiaries under the will of testator made a partition agreement which affected the rights of infants, it was proper, in a friendly partition action brought to carry the agreement into effect, to appoint a guardian ad litem for the infants, though the plaintiff in the partition action purported to act as their next friend, it appearing that he was a party to the agreement and seeking its confirmation, for, in such case, it is inappropriate that he be allowed to represent the infants.

**3. Infants ⬅➡83 — Fee allowed guardian ad litem should be taxed as part of costs.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1942, authorizing the appointment of a guardian ad litem to represent a minor defendant, the fee allowed such guardian should be taxed as part of the costs of the suit and, like other costs, follows the judgment and is taxed against the losing party.

**4. Partition ⬅➡114(2)—Fee of guardian ad litem for infant defendants improperly taxed against adult parties.**

Where an agreed partition between the adult beneficiaries under testator's will was fair and should have been confirmed, the fee of a guardian ad litem appointed for infant beneficiaries in partition action cannot be taxed against the adult parties, as they were entitled to have the land partitioned according to agreement, and hence, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1942, it should be taxed against the interest of the infants.

**5. Tenancy in common ⬅➡45—Tenant in common may dispose of specific portion of designated property.**

A tenant in common may dispose of a specific described portion of the common property if such disposition is made with due regard to the rights of his cotenant, and a purchaser of such specific portion of the property acquires full title if it is of no more value than the interest of the seller, and cotenant is not injured by the partition.

**6. Tenancy in common ⬅➡45—Right of tenant in common to sell a specific part of the property is not affected by his minority.**

The right of a tenant in common to dispose of a designated portion of the common property, and thus make partition, is not affected by the minority or other disability of his cotenant, and, where otherwise fair, will take effect.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Action for partition by Rollie Brown and others against Littleton Brown and another, in which L. D. Brown was appointed guardian ad litem for all minor parties to the suit. From a judgment which denied the validity of partition agreement as to the minors, the adult parties appeal. Reversed and rendered in part.

John T. Duncan, of La Grange, for appellants.

PLEASANTS, C. J. This is a suit for partition brought by Rollie Brown and others, heirs and devisees of Sidney Brown, deceased, against Littleton Brown and Lucy Brown, the widow of Sidney Brown.

As to all of the adult parties the suit was a friendly one, and plaintiffs' petition set up an agreement entered into by all of the adult parties partitioning and distributing the estate of Sidney Brown.

Plaintiff Rollie Brown sued for himself and as next friend of the minor grandchildren of Sidney Brown, who had an interest in his estate.

Before the cause was called for trial in the court below, the court appointed Mr. L. D. Brown guardian ad litem for all of the minors who were parties to the suit. The guardian filed an answer setting up the invalidity of the agreement for partition in so far as it affected the interest of his wards, and praying:

"That parties to this suit be required to bring into court the real and personal property on hand at the time of the death of the said Sidney Brown, and that they be required to make a showing and accounting of all said property, and where the same has been taken and converted by them, that they be required to account to these minors for their undivided interest therein. And that upon a final hearing hereof, the interest of said parties be judicially determined, and that said land be partitioned; and that a commission of partition be appointed so to do under the instructions of this court. And that these minors have all rights, in law and in equity, to which they may be entitled, and so they will forever pray."

The trial in the court below without a jury resulted in a judgment approving and confirming the agreed partition as between

---

all of the adult parties, but denying its validity as to all of the minors, and decreeing to them their undivided interest in all of the property of the estate. A fee of $75 was allowed the guardian ad litem and adjudged as costs against the adult parties to the suit.

All of the adult parties have appealed and filed a joint brief. No brief has been filed for the appellees.

The record discloses that Sidney Brown died testate, and his will was duly probated in the county court of Fayette county. There has been no administration upon his estate and no necessity therefor exists. His will devises his estate as follows:

"Second. I give to my son Littleton Brown twenty-four and two-third acres of land, to my daughter Lucy Oliver twenty-two and two-thirds acres of land, and to my daughter Missouri Oliver twenty-two and two-thirds acres of land. All of the above to come out of the two tracts of land, the one of 48 acres purchased by me from Matt Grant and the one of 22 acres purchased from Mrs. D. Alexander. And to my ten grandchildren of my son Willie Brown, deceased, I give the balance of my real property which consists of 170 acres of land.

"Third. I also give to my three children Littleton Brown, Lucy Oliver and Missouri Oliver my policy in the U. B. F. Lodge.

"Fourth. All personal property that I may die possessed and seized of to be divided between my three children Littleton Brown, and Lucy and Missouri Oliver and the ten grandchildren heretofore mentioned, to be divided as follows: My three children Littleton Brown, Lucy Oliver and Missouri Oliver to get one-fourth each and the ten grandchildren to get the other one-fourth to be equally divided between them."

The 240 acres of land devised by this will was the community property of Sidney Brown and his deceased wife, Fannie Brown, the grandmother of the minor parties to this suit. The house and lot and the horse and buggy referred to in the agreement was community property of Sidney Brown and his surviving widow, Lucy Brown.

It was agreed that the disposition that Sidney Brown made of his property by his will as between his grandchildren and between Littleton Brown and Lucy and Missouri Oliver was a fair and equitable partition and disposition of the same; that that which he gave to Littleton Brown and Lucy and Missouri Oliver was no better land than that given to his grandchildren. He left his grandchildren as good land as that contained in the 70 acres. The eighth section of the agreed statement of facts reads as follows:

"For the purpose of avoiding trouble and expense, it was agreed by the adults for themselves after the death of Sidney Brown, with Lucy Brown, Littleton Brown, and Lucy and Missouri Oliver, that the partition should be made in accordance with the grandfather's will. And for the purpose of settling with the surviving widow, Lucy Brown, who was entitled to exempt property or money in lieu of exempt property and exempt personal property, it was agreed that half of the lot in La Grange and the horse and buggy should be given to the surviving widow in lieu of any claim that she may have had under the law for exempt property. And it is agreed that this was a fair and equitable settlement. And this suit was brought for the purpose of having this agreement approved as a partition and settlement of the estate by the judgment of the court."

[1, 2] The first assignment of error complains of the order of the trial court appointing a guardian ad litem for the minor parties to the suit.

There is no merit in the assignment. The minors were not parties to the agreement for partition and could not have made any valid agreement or contract affecting their interest in the estate. While no injury was intended or done them by the agreement for partition made by the adult owners of the estate, when the court was asked to confirm this agreement, it was not only permissible but proper that an attorney of the court be appointed to represent the minors, make the necessary investigation, and be prepared to present to the court the facts and the law bearing upon the question of whether the interest of the minors would be subserved by the confirmation of the partition agreement.

The right of a minor to sue by next friend cannot be questioned; but, when a suit by a next friend of a minor presents the issue of the right of the next friend to obtain judgment against the minor, the impropriety of his assuming to represent the minor in such suit is apparent. In such a suit, unless a guardian ad litem be appointed to represent the minor, any judgment obtained by the next friend against the minor would be void.

We think the nature of this suit as disclosed by plaintiffs' petition required the appointment of a guardian ad litem.

[3, 4] Under appropriate assignments of error, appellants next assail those portions of the judgment charging the fee allowed the guardian ad litem against all of the adult parties to the suit, and decreeing to the minors an undivided interest in the 70 acres of land devised by the will of Sidney Brown to Littleton Brown and Lucy and Missouri Oliver, and in the house and lot and horse and buggy set aside to Lucy Brown by the agreement for partition set out in plaintiffs' petition.

We think both of these assignments should be sustained. Article 1942, Vernon's Sayles' Civil Statutes, authorizing the appointment of a guardian ad litem to represent a minor defendant, provides that the fee allowed such guardian shall be taxed as a part of the costs of suit. Such fee, like other costs of the suit, follows the judgment and is taxed against the losing party. If the trial court's judgment in favor of the minors for an interest in the property claimed by the

appellants above named could be sustained, the judgment for costs should also stand; but, our conclusion being that these appellants were entitled to have the property claimed by them set aside to them, it follows that the judgment against them for the fee of the guardian ad litem cannot be sustained. Tutt's Heirs v. Morgan, 18 Tex. Civ. App. 627, 42 S. W. 578, 46 S. W. 122. There is nothing in the record to justify taxing the guardian's fee against any of the parties to the suit other than the minors whom he represented. Holloway v. McIlhenney, 77 Tex. 657, 14 S. W. 240.

[5, 6] The right of a tenant in common to dispose of a specific designated portion of the common property, if such disposition is made with due regard to the rights of his cotenant, is well settled, and the purchaser of such specific portion of the property acquires full title thereto if it is shown to be of less or no more value than the interest of the seller in the common property, and the cotenant is not injured by such partition of the property. This rule is in no way affected by the minority or other disability of the cotenant. Lasater v. Ramirez (Com. App.) 212 S. W. 935; Gosch v. Vrona, 227 S. W. 219, recently decided by this court.

It having been agreed in this suit that the partition of the community property of Sidney Brown and his deceased wife as made by his will, and the partition of the community property of Sidney Brown and his surviving widow as made by the agreement set up in plaintiffs' petition, was a fair, just, and equitable partition as to all the parties having any interest in the property, such partition should have been approved and confirmed by the trial court.

From these conclusions it follows that the judgment of the court in the respects above indicated will be reversed, and judgment here rendered for the appellants. The remainder of the judgment not being appealed from is undisturbed.

Reversed and rendered in part, and affirmed in part.