**McGEE et al. v. STARK et al.**

No. 3390.

Court of Civil Appeals of Texas. Beaumont.
April 21, 1939.

Rehearing Denied April 26, 1939.

Dies, Stephenson & Dies, of Orange, for appellants.

Harry R. Jones, Andrews, Kelley, Kurth & Campbell, and Williams, Lee, Sears & Kennerly, all of Houston, Monroe Chapman, of Orange, L. J. Benckenstein, of Beaumont, and J. T. Adams and Oscar C. Dancy, Jr., both of Orange, for appellees.

O'QUINN, Justice.

On the 3rd day of November, 1834, Coahuila and Texas granted to John McGee a league of land known as the McGee league in Newton County containing 4428.4 acres; the field notes, definite and certain in their calls for location, course and distance, were filed in the Deed Records of Newton County in 1853. John McGee died in 1863, and his wife, Sarah McGee, died in 1885, leaving surviving them nine heirs who inherited under them the McGee league in nine equal interests. Among these nine heirs were four daughters, Tabitha Dickerson, Isabelle Sandel, Martha Smart, and Lucretia Billingsley. On the 8th day of May, 1888, the heirs of John and Sarah McGee executed their joint deed to W. C. Lenahan, purporting to convey to him the entire John McGee league. On the 6th day of June, 1888, Lenahan conveyed to W. S. Herndon, deed filed for record the 2nd day of August, 1888, two tracts of land out of the John McGee league, each described by specific metes and bounds, one containing 994 acres and the other 178 acres. By mesne conveyances the Lenahan title to these two tracts of land passed to and vested in appellees, H. J. L. Stark et al. On October 25, 1888, Lenahan conveyed to B. W. and B. Z. Powell 746 acres out of said league; this deed was filed for record on the 21st of October, 1888. Appellees, by mesne conveyances under the Powells, acquired title to 732 acres of the 746 acres.

As tried in the lower court, and as appealed to this court, this was an action in trespass to try title by Lucretia Billingsley and the heirs of Tabitha Dickerson, Isabelle Sandel and Martha Smart, appellants, to recover the title and possession of the John McGee league. As to the answer of appellees, it is sufficient to say that they claimed by cross action the two tracts of land conveyed by Lenahan to Herndon and the 732 acres held by them under the Lenahan title out of the 746 acres conveyed by Lenahan to the Powells. The trial was to a jury, but on conclusion of the evidence the court withdrew the case from the jury and rendered judgment for appellees for the land claimed in their cross action, and for appellants for the balance of the league, except a small tract of twenty acres which was awarded to certain other parties in the litigation, and which is not in controversy before us. From this judgment, appellants have duly prosecuted their appeal to this court.

On the record before us Lenahan acquired title, which is not challenged by appellants, to an undivided five-ninths interest in the John McGee league, under and through the deed to him from the heirs of John and Sarah McGee. Appellants assert that, insofar as that deed purported to convey the interests of Lucretia Billingsley, Tabitha Dickerson, Isabelle Sandel, and Martha Smart—a four-ninths undivided interest in the league—the deed was void for the following reasons:

First—as to Martha Smart: Martha Smart and her husband, W. H. Smart, joined in the execution of the deed, but their acknowledgment to the deed was taken by William Winfree who, in taking the acknowledgment, acted as Deputy Clerk and Ex Officio Notary Public in and for Vernon Parish, Louisiana. Appellants make the point that as Deputy Clerk of Vernon Parish, Winfree did not have the power to take acknowledgment. This point is material because W. H. Smart, one of the grantors, was Clerk of the Vernon Parish Court, and Winfree was his Deputy. That contention is denied. By a law of Louisiana duly enacted in 1882, No. 43, a Deputy Clerk of a Parish was, in his own right by virtue of holding the office of Deputy Clerk, an Ex Officio Notary Public. As such Notary Public he had the power to take the acknowledgment. Wilson v. Simpson, 68 Tex. 306, 4 S.W. 839. There was no evidence that the law of 1882 had been repealed, and, therefore, since no change in the law is shown, it must be presumed that it was in effect in 1888 when Mr. and Mrs. Smart executed their deed to Lenahan. 17 Tex.Jur. Sec. 62, page 255; Burge v. Broussard, Tex.Civ.App., 258 S.W. 502; Martinez v. Gutierrez, Tex.Com.App., 66 S.W.2d 678; Northern Texas Traction Co. v. Smith, Tex.Civ.App., 223 S.W. 1013; State v. Hall, Tex.Civ.App., 76 S.W.2d 880. But independent of that presumption there was expert evidence to the effect that the law of 1882 was in effect at the time that Mr. and Mrs. Smart acknowledged their deed. It follows that Lenahan acquired the one-ninth undivided interest of Martha Smart inherited from her parents.

Second—as to Tabitha Dickerson, Isabelle Sandel and Lucretia Billingsley: The point is made that the acknowledgement of these married women was taken by their brother-in-law, W. H. Smart, who was a co-grantor in the deed to Lenahan and so void. We sustain the assignment

that as a co-grantor, W. H. Smart was disqualified to take the acknowledgements. In this holding we are supported by Clements v. Texas Co., 273 S.W. 993, 1004, writ denied, wherein the Court of Civil Appeals says: "We think it a safe and salutary rule, and one established in this state, that a person who identifies himself with the transaction, by placing his name in the face of an instrument as an *active and essential* party thereto, is not competent to give it authenticity as an officer."

It must be conceded that W. H. Smart, as the husband of Martha Smart, was "an active and essential party" to the deed.

■ We overrule the contention that the record does not support the conclusion that the W. H. Smart who took the acknowledgements was the husband of Martha Smart. The witness M. P. Smart testified that he was the son of W. H. Smart and Martha Smart, and that his father was the W. H. Smart who was then Clerk of the Vernon Parish, Louisiana Court, and that he was such officer at the time of the execution and acknowledgement of the deed from the heirs of John McGee to Lenahan conveying the land in question.

On our construction of the deed of the heirs of John and Sarah McGee to Lenahan, he acquired an undivided six-ninths interest in the league amounting to an undivided acreage of 2952.27 acres. Appellants hold under Lucretia Billingsley, Tabitha Dickerson, and Isabelle Sandel three-ninths undivided interest in the land of 1476.13 acres. To sustain the judgment of the trial court in their favor awarding them the specific tracts of land claimed in their cross action, appellees invoke the doctrine of equitable partition. In stating this principle of equity, our Supreme Court in Maverick v. Burney, 88 Tex. 560, 32 S.W. 512, said: "But it is settled in this court, by a long line of decisions that such a deed is good as between the parties, and is voidable only by the co-tenants of the grantor, and not by them except in so far as it may affect their rights. * * * If the parcel of land conveyed by a tenant in common can be set apart to his grantee, it must be done."

In Harrison Oil Co. v. Sherman, 66 S. W.2d 701, 704, this court said: "It is also the law that the conveyances by appellees' cotenants of specific portions of the common property were not absolutely void as to appellees, but merely voidable at their election and only to the extent that they were prejudiced thereby." (Writ refused.)

■ In Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., 125 S.W.2d 263, 267, Judge German of the Commission of Appeals, speaking for the Supreme Court, re-announced the doctrine of equitable partition as recognized in this State, and said: "It is well settled that when conveyance of a specific part of common property has been made by one tenant in common, the grantee has a right to have the whole property, and all interested parties, brought into a partition proceeding in order to determine whether or not in an adjustment of the equities of all parties he shall be entitled to receive from his grantor's interest the specific portion conveyed to him", citing Maverick v. Burney, 88 Tex. 560, 32 S.W. 512, and numerous other authorities. We have given careful consideration to the opinion by Judge Smedley in Thomas v. Southwestern Settlement & Development Company, Tex.Sup., 123 S.W.2d 290. In view of the opinion of Judge German cited above, we think it is conclusive that it was not the intention of the Supreme Court to modify or limit the doctrine of equitable partition as restated by Judge German, but that the holding in Thomas v. Southwestern Settlement & Development Company, supra, must be limited to the peculiar facts of that case.

■ Since Lenahan conveyed specific tracts of land to Herndon and the Powells, appellees, claiming under these grantees, had the right to claim these specific tracts of land provided they could be set apart to them without working an injustice against appellants. The deed to appellees was not void, but voidable only at the election of appellants. In order to avoid the Lenahan conveyances appellants were required to make an election, and having elected to avoid the deeds, as they did by this suit, the burden rested upon them to show that Lenahan had prejudiced their interests as tenants in common in the entire league. The question of burden of proof was the controlling question in the mind of the lower court, and we think that he correctly ruled that the burden of proof was upon appellants to show "prejudice". In the Harrison Oil Co. case, supra, this court said, as shown by the citation we have made from that opinion, that the non-joining tenants are required to

make an "election". That the non-joining tenant must take an affirmative action to avoid the deed by his co-tenant was recognized by the Supreme Court in Maverick v. Burney, supra, where it is said that the deed of a co-tenant to his specific tract of land "is voidable only by the cotenants of the grantor." The same proposition is recognized and restated in Berryman · v. McDonald, 49 Tex.Civ.App. 81, 107 S.W. 944, and Walling v. Harendt, Tex.Civ.App., 37 S.W.2d 280. We make the additional citation from Heller v. Heller, 114 Tex. 401, 269 S.W. 771, 776: "Such a deed is voidable only by the co-tenants of the grantor, and not by them unless it appears that it may injure their rights in the total property. It creates in the grantee a prima facie equitable title to the whole tract which can be overcome only when it appears that the rights of the other cotenants have been injured by the sale of the particular part of the common property."

◼ We overrule the assignment that appellees, holding under Lenahan, were not tenants in common with appellants. When the heirs of McGee attempted to sell the whole of the league by all nine of them joining in the deed to Lenahan, the interests of three of whom did not pass, leaving their undivided interests still in them, they thus became tenants in common with him. He having sold the specific tracts here in question to Herndon and the Powells, they thus became tenants in common with the three McGee heirs. Appellees having acquired the interests of Herndon and the Powells, they became tenants in common with appellants. The fact that they hold the title jointly made them tenants in common. Findlay v. State, 113 Tex. 30, 250 S.W. 651.

Appellants tried this case on the theory that the burden to establish the equity rested upon appellees, and the trial court did not make his final decision on this point until after the facts had been submitted to him and the introduction of evidence closed. It is reflected by the record that when the evidence was all in, the trial Judge took the case under advisement, and several days afterwards he addressed a letter to counsel of each of the parties advising them of his views (tentatively) and especially as to the party on whom the burden rested as to the question of an equitable partition of the land as to the tenants in common arising from the evidence in the record. The case, it seems, as it appears to us, had been tried on the theory that the burden rested upon the defendants, appellees here, and that the court, after considering the record as stated, had concluded that the burden was upon plaintiffs, appellants here, whereupon plaintiffs prepared and filed an application to reopen the case for evidence that they might have an opportunity to show that under the facts an equitable partition could not, without injury to their rights, be had. The Judge's letter was an admirable discussion of the different phases made by the evidence and indicated, we think, considerable doubt in the mind of the court as to the question of the burden of proof. The letter being more than six typewritten pages of legal length paper, we do not set it out, but we do include the following paragraph at the end of the letter, to wit: "If you gentlemen think that there is any logic to what I have written, do you think the situation can be helped by the court requiring the case to be repleaded and by opening up the evidence? In any event I have got to have some help on this phase of the case before I can arrive at a satisfactory conclusion." As stated, upon receipt of this letter counsel for appellants prepared a motion asking that the evidence be reopened for proof of their contention that an equitable partition would work injustice to their rights in the premises. This motion was refused and judgment rendered granting an equitable partition and awarding to appellees the tracts of land conveyed to them. Appellants then filed motion for a new trial still urging that the evidence should be reopened affording them opportunity to make proof of their contention and attached thereto affidavits of several persons supporting their contention that they could not receive their just proportion of the lands under an equitable partition giving to appellees the specific tracts claimed and held by them. A copy of the court's letter was attached to the motion and is in the transcript. The motion for a new trial was overruled.

◼ We think the court erred in overruling the motion to reopen the evidence, and in refusing the motion for a new trial. The evidence raised the issue that the only land subject to partition was the land awarded to appellees, and that the balance of the land, or the most of it, had been

lost in ways which may be equally chargeable against all of the joint tenants.

For the error of the court in refusing to reopen the case to permit appellants to introduce evidence of "prejudice", the judgment of the lower court is reversed and the cause remanded for another trial. Reversed and remanded.